**MARMION et al. v. WELLS et al.**

No. 12372.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 30, 1952.

Rehearing Denied Feb. 27, 1952.

Davis & Henderson, Angleton, for appellants.

Dyess & Dyess, Houston, Farrow & Johnson, Carrizo Springs, for appellees.

NORVELL, Justice.

This is an appeal from an order approving the report of commissioners in partition and allotting separate shares to each of the four parties to this suit. The property involved is the Marmion Dimmit County Ranch, composed of twenty-eight dif-

ferent sections or surveys and containing more than 18,501.8 acres of land (including two separated tracts of 109 and 40 acres) according to a survey made in connection with the partition. The court, in accordance with the commissioners' recommendation, awarded Tract No. One, containing 9,250 acres (two shares), to the appellees, David M. Wells and Miles Erwin Wells. At the request of the parties, this tract was thereafter divided into two equal parts. Tract No. Two (one share), containing 4,500 acres, was awarded to appellant Geraldine Wells Baty, and Tract No. Three (one share), containing 4,751.8 acres of land, was awarded to the appellant, J. R. Marmion. The value of each share was placed at $115,625 by the commissioners.

By their first point, appellants complain of the action of the trial court in setting aside to appellees lands situated in the western part of the ranch. Appellees had entered into an executory contract of sale of their interest in the property and this contract called for lands situated in the western portion of the ranch. It is asserted that these executory contracts did not give appellees an equitable right to have the western part of the ranch set aside to them. See, Findlay v. State, 113 Tex. 30, 250 S.W. 651, 655, and authorities therein cited; 32 Tex.Jur. 171, Partition, § 24, for discussion of equitable rights arising out of conveyances of specifically described property by a tenant in common. In our opinion appellants are not in a position to raise the contention asserted.

In a partition suit two judgments are rendered: The first decree determines the share or interest of each of the joint owners or claimants; all questions of law or equity affecting the title; appoints commissioners and gives them such directions as may be necessary and appropriate. Rules 760 and 761, Texas Rules of Civil Procedure. The second decree is one approving the report of the commissioners and allocating to the respective parties their separate shares or tracts. Rule 769, Articles 6099 and 6100, Vernon's Ann.Civ.Stats.

■ The first decree in partition is sometimes referred to as the "interlocutory decree" while the second is termed the "final decree." Montgomery v. Huff, Tex. Civ.App., 11 S.W.2d 237. However, the first decree is interlocutory only in the sense that it is intermediate in relation to the second decree. The rights and matters therein determined are final and it is appealable as a final judgment. An appeal may be taken from the second judgment approving the report of the commissioners. In Waters-Pierce Oil Co. v. State, 107 Tex. 1, 4, 106 S.W. 326, 328, Mr. Justice Brown pointed out that, "A familiar instance (of more than one appeal in the same case) is a case of partition, wherein there may be a decree which determines the rights of the parties in the property and is a final judgment upon the merits of the case. From this an appeal may be taken, leaving the case before the court for the purpose of actual division of the property among the claimants according to the decree entered. When the partition shall have been made and the decree of partition entered, there is another final judgment or order, from which an appeal may likewise be taken."

■ It is well settled that upon an appeal from the second or final decree matters determined by the first or interlocutory decree cannot be reviewed, White v. Mitchell, 60 Tex. 164; Cyphers v. Birdwell, Tex. Civ.App., 32 S.W.2d 937, even though both decrees are rendered on the same day. Woodhead v. Good, Tex.Civ.App., 27 S. W.2d 374.

■ The appeal in this case is taken from the second decree rendered on July 30, 1951. The first decree (dated May 19, 1951) determined that the property involved was owned solely by David M. Wells, Miles Erwin Wells, J. R. Marmion and Geraldine Wells Baty, in equal proportions, and that the property (with the exception of two town lots in Asherton, Texas) was susceptible of partition in kind. Commissioners were appointed and they were instructed "that the shares of David M. Wells and Miles Erwin Wells be allotted to them without partition as between them, and out of the most western portion of said land last above described, in accordance with their said contracts of sale, and if

that may be equitably accomplished, and that the said J. R. Marmion and Geraldine Wells Baty be awarded their shares by lot, all according to this decree and the law, * * *."

This direction in the first decree cannot be reviewed upon this appeal, which is from the second decree only. In Scheiner v. Probandt, 73 Tex. 532, 11 S.W. 538, 539, it was said that, "If upon the original trial it was decreed that appellee should on partition have her portion set apart to her from the south part of the lot, and should recover rents of appellant, and if the judgment now appealed from merely followed that decree, then the error, if error it be, would be in the former, and not in the latter, ruling."

For the reasons stated, appellants' first point is overruled.

■ Appellants' second point presents the contention that the partition or allotment of shares should be set aside for the reason that the surveyor appointed under the provisions of Rule 767 found that the ranch sought to be partitioned contained 726 acres more (according to his survey) than was called for by the original field notes of the several surveys included within the boundaries of the ranch. Twenty-eight sections are involved and appellant argues that it is as probable that the excess 726 acres may be in the eastern part of the ranch allotted to them as in the western part, allotted to appellees, and that a failure of title to the 726 acres might take place, which, if applicable to surveys allotted to them, would cause a loss not borne equally by all the parties to the partition, inasmuch as the title to each of the surveys involved is different.

We regard the lands involved in this suit as constituting one tract of land for partition purposes, rather than some twenty-eight separate tracts, as suggested by appellants. For this reason, authorities such as Thompson v. Whitfield, Tex.Civ.App., 203 S.W.2d 268, and Broom v. Pearson, Tex.Civ.App., 180 S.W. 895, cited by appellants, are not applicable. If appellants' contentions were adopted, it would mean that in addition to the requirement of joint ownership, there would be added the additional requisite that a single chain of title only be involved in order that a partition could be had. It would mean, insofar as this ranch is concerned, that each component section would have to be divided into four shares, as the chains of title relating to the various sections are not identical. We know of no authority supporting this theory and are of the opinion that appellants' contention is not well taken. Findlay v. State, 113 Tex. 30, 250 S.W. 651; Id., Tex.Civ.App., 238 S.W. 956. We also point out that a possibility of partial failure of title to certain portions of lands involved in a partition is contemplated by the statutes. Article 6100, Vernon's Ann. Civ.Stats., provides that "the decree of the court confirming the report of the commissioners in partition * * * shall have the same force and effect as a full warranty deed of conveyance from such other parties and each of them." See also, 32 Tex.Jur. 175, Partition, § 28. Appellants' second point is overruled.

■ By their third point, complaint is made of the fact that the surveyor in running the outside lines of the ranch followed the line of the fence enclosing the ranch. The second or final decree first describes the property by reference to the numbers of the sections and surveys that make up the ranch or the larger tract. This is followed by a statement that the same is "described by metes and bounds as follows:" Then follows the field notes prepared by the surveyor. In places there are slight deviations from a straight line, which we suppose were occasioned by fence variations. The survey purports to be a survey of the outside boundaries of the group of sections involved. Its purpose was to aid the commissioners in performing their duty of allocating shares to the parties to the suit and not to determine outside lines as between the owners of the Marmion ranch and the owners of lands adjacent thereto. The inside lines—those running between the shares allocated by the final decree, are straight lines and may be easily located upon the ground from the field notes given. To constitute reversible error, it must be shown that some prejudice resulted from

the inaccuracies of the survey, assuming that such inaccuracies do exist. It is not shown that appellants received less land than they were entitled to by reason of some mistake in the survey, nor that they were injured in any way. No reversible error is disclosed by appellants' third point and it is accordingly overruled.

With reference to all points, it might be said that appellants fail to point out wherein they were prejudiced by any action of the trial court. The following agreement appears in the statement of facts: "It is agreed and stipulated by and between the parties to the cause that each of the Commissioners who executed the award, heretofore offered in evidence, would, if called on the stand, and after being first properly sworn, testify in his opinion such award was fair, just, honest and reasonable."

The trial court in approving the report held the division of the property recommended by the commissioners to be fair and equitable. There is no basis in the evidence for overturning this finding.

Appellants' brief points out no reversible error and the judgment appealed from is accordingly affirmed.