Walter L. JONES et al., Appellants,

v.

Ollie Olivia JONES, Appellee.

No. 3489.

Court of Civil Appeals of Texas.
Waco.

Oct. 31, 1957.

John W. L. Hicks, Houston, for appellant.

Josephine Clements, C. M. Wilchar, Jr., Houston, for appellee.

McDONALD, Chief Justice.

This is an appeal from a judgment of the District Court ordering Clarence Wilchar, Jr., and Josephine Clements, who had theretofore been appointed as receivers of a house and lot, to execute and deliver a warranty deed to such property. A statement is necessary. Parties will be referred to as in the Trial Court. Plaintiff Walter Jones was formerly married to defendant Ollie Olivia Jones. Plaintiff Neacy Jones Freeman is the daughter of plaintiff Walter Jones by a previous marriage. Plaintiff Walter Jones and defendant Ollie Olivia Jones were granted a divorce in 1956 but no partition of their property was decreed in such divorce suit. Thereafter in June, 1956, plaintiffs filed suit against defendant seeking a partition of the house and lot in the City of Houston which is involved in this controversy. Attorney Clarence Wilchar, Jr., filed this suit for plaintiffs. Defendant answered in the case, being represented by attorney Josephine Clements. After hearing and by judgment dated *6 November 1956* the Trial Court found that plaintiff Walter Jones was entitled to an undivided ¼ interest in the property; plaintiff Neacy Jones Freeman was entitled to an undivided ½ interest in the property; and that defendant Ollie Olivia Jones was entitled to an undivided ¼ interest in the property; that the property was incapable of partition. The Trial Court appointed the plaintiffs' and defendant's attorneys, Clarence M. Wilchar, Jr., and Mrs. Josephine Clements, as receivers, to sell such property to the highest bidder for cash and execute necessary deeds conveying the property.

The record reflects that on *14 December 1956* plaintiffs' lawyer (and court-appointed receiver) Wilchar filed an affidavit in this cause in which he swore that he, Wilchar, was plaintiffs' attorney; that plaintiffs had agreed with him, their attorney, that they would accept the sum of $750 and $1,500 respectively for their interests in the property or would give the sum of $750 to defendant for her interest; that this offer was to be a give or take offer; on the date of the affidavit, to-wit, 13 December 1956, they refused to sell the property; that he told plaintiffs that the matter would be communicated to the court the next day and that the whole transaction would be left to the court's discretion as to what should be done; that he had never seen the property, but because plaintiffs had made such an offer he believes that $3,000 is probably a fair valuation; that because plaintiffs had made such offer he believes they should be made to comply with it and the court should order the property sold to defendant Ollie Olivia Jones.

On 14 December plaintiffs' attorney Wilchar presented the affidavit to the Trial Court *and* presented a judgment approved by himself as plaintiffs' attorney and Mrs. Josephine Clements as defendant's attorney, ordering Wilchar and Clements as receivers to sell the property to defendant for $2,250. This judgment was signed and entered by the Trial Court without a hearing and without notice or the presence of the plaintiffs. On *18 December 1956* receivers Wilchar and Clements deeded the property to defendant, and receiver Wilchar now holds defendant's check for $2,250.

On 22 December 1956, plaintiffs, through another attorney, John W. L. Hicks, filed a motion for rehearing and new trial and to set aside the judgment of 14 December 1956. Such motion set forth numerous grounds as to why the judgment of 14 December 1956 should be set aside. The Trial Court heard evidence on this motion and overruled and denied same. Plaintiffs appeal, contending:

The judgment of 14 December 1956, ordering sale of plaintiffs' property to defendant for $2,250 and sale thereof should be reversed and set aside because:

(1) No service or notice of hearing was had upon the plaintiffs.

(2) The judgment ordered the sale and making of the deed by the receivers without any report of sale and confirmation.

(3) The court was without jurisdiction to grant such judgment.

(4) Attorney Wilchar acted without authority and against the interests of his clients in the execution of the affidavit and obtaining of the judgment.

(5) The affidavit of attorney Wilchar itself was sufficient to put the Trial Court on notice that plaintiffs objected to the sale— that attorney Wilchar was acting without authority—and that the Trial Court should have inquired of all the facts and circumstances before entering the judgment of sale.

(6) The judgment was in violation of plaintiffs' rights under the due process clauses of both the Federal and State Constitutions (Const.U.S. Amend. 14; Vernon's Ann.St.Const. art. 1, § 19).

(7) The receiver Wilchar committed fraud.

(8) No notice of hearing of confirmation of sale was given plaintiffs.

(9) No report of sale or confirmation of sale was had herein.

(10) The property was not sold for a fair market price or value.

It should be observed at this point that this case is before this court upon plaintiffs (appellants herein) brief only. Defendant (appellee herein) has not seen fit to file a brief. See Rule 419, Texas Rules of Civil Procedure.

We have before us a situation wherein the plaintiffs have been adjudicated ¼ and

½ owners in a house and lot, and the defendant has been adjudicated a ¼ owner in such property. The court determined that the property was not susceptible to partition in kind and appointed plaintiffs' and defendant's lawyers as receivers to sell the property. The court's judgment ordered the property sold to the highest bidder for cash, and in accordance with the statutes of the State of Texas. Plaintiffs' lawyer, C. M. Wilchar, Jr., filed an affidavit with the court asserting that his clients, the plaintiffs, had agreed with him to either pay the defendant $750 for her ¼ interest in the property or to take $750 and $1,500 respectively for their ¼ and ½ interests; that they *backed* out of their agreement with him to sell; that while he had not seen the property he believed that a $3,000 value thereon was fair; and that since plaintiffs had agreed at one time with him to take the sums mentioned for their interests, that the court should require them to do so. The Trial Court, without notice to plaintiffs, directed receiver Wilchar to sell to defendant, and on motion for rehearing refused to set aside the judgment.

The record made on motion for rehearing places a valuation on the property of some $6,000; convicts attorney Wilchar of abandonment of his clients' cause and interests, and reflects that plaintiffs have been deprived of their property in a manner not in keeping with our statutes. The record further reflects that the client-attorney relationship between plaintiffs and lawyer Wilchar terminated at their conference on 13 December 1956 and that lawyer Wilchar acted without authority in approving the judgment of 14 December 1956 in behalf of plaintiffs. As noted, other counsel filed the 22 December motion to set aside the 14 December judgment.

As we view the proceeding under review—irregular though it was—to be upheld it must be either a valid receiver's sale, complete with notice of sale and confirmation, and for a fair market price; *or* there must have been a sale by agreement and consent of the parties. The record is undisputed that there was no valid statutory receiver's sale, as well as that plaintiffs did not agree thereto. Moreover, the whole proceeding appears to us as an inequitable disregard of the property rights of plaintiffs.

Our Supreme Court, in Burnaman v. Heaton, 150 Tex. 333, 240 S.W.2d 288, 291, said:

"When a trial court has knowledge that one of the parties to a suit does not consent to a judgment, agreed to by his attorney, the trial court should refuse to give the agreement the sanction of the court so as to make it the judgment of the court. Any judgment rendered on the agreement under such circumstances will be set aside."

It is clear that attorney Wilchar ceased at some point to represent the best interests of his clients, and further, that his duties as receiver might have been in some degree in conflict with his duties as attorney representing his clients. In any event, plaintiffs were unwilling to sell their property—and the sale was certainly not an orthodox conventional receiver's sale in compliance with the statutes of Texas, Vernon's Ann.Civ.St. art. 3804 et seq. Moreover, the sale was for a price far below what the record before us reflects the value of the property to be and even lawyer Wilchar says he doesn't know what the value of the property is. He made no efforts to sell to the highest bidder for cash, or to comply with the statutes governing receiver's sales.

This court said, in Russell v. S. & M. Amusement Co., Tex.Civ.App., 198 S.W.2d 944, 945, Writ of Error, Ref. NRE:

"A court of equity also has jurisdiction to set aside a sale made by a receiver, either before or after confirmation * * * whenever it is made to appear that the same was entered through mistake, inadvertence, or improvidence * * * If it appears that for some reason * * *

the property has been greatly under-sold \* \* \* the court may, in its discretion, set it aside."

Applying the rules of law recited to the record before us, we think that the judgment of 14 December 1956 should be set aside and the sale made thereunder held for naught. We further think that under the circumstances, receivers Wilchar and Clements should be relieved and a new receiver appointed. Accordingly, the judgment appealed from is reversed, the sale made thereunder vacated, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.