**James H. GRIFFIN, Trustee et al.**

v.

**Jack A. WOLFE.**

No. B–9550.

Supreme Court of Texas.

Dec. 17, 1980.

Rehearing Denied Jan. 21, 1981.

Greenwood, Koby & Bussey, O. W. Bussey, Jr., Houston, for petitioners.

Jennings, Montgomery, Dies & Turner, Elton M. Montgomery, Graham, for respondent.

PER CURIAM.

The court of civil appeals has held that an appeal from the first order in a partition suit is purely interlocutory and is governed by Rule 385, Tex.R.Civ.Pro., with the result in this case that appellants' failure to file the transcript in twenty days defeated their right to appeal. We reverse the judgment of the court of civil appeals, remand the cause to that court with instructions to withdraw its order of dismissal and determine whether appellants should be granted an extension of time to file the record as in an appeal from a final judgment.

The trial court rendered a judgment that determined the interests of the parties in the realty involved, decreed that the property should be partitioned in kind, and appointed commissioners to make the partition. Rule 760, Tex.R.Civ.Pro. The appellants thereafter timely· filed their appeal bond, and within sixty days from the date their motion for new trial was overruled, they filed a motion to extend the time to file the transcript. The motion was timely if the appeal is governed by the rules for an ordinary appeal rather than the shorter time required by Rule 385 which applies to interlocutory orders. The court of civil appeals was of the opinion that the twenty days for filing the transcript under Rule 385 had expired, and the motion to extend the time was too late.

A partition case, unlike other proceedings, has two final judgments and the first one is appealable as a final judgment. *Carr v. Langford,* 144 S.W.2d 612 (Tex.Civ.

 

App.–Dallas 1940), *aff'd*, 138 Tex. 330, 159 S.W.2d 107 (1942); *White v. Mitchell*, 60 Tex. 164 (1883); *McFarland v. Hall*, 17 Tex. 676, 690 (1856); *Cannon v. Hemphill*, 7 Tex. 184 (1851); *Pfeffer v. Meissner*, 286 S.W.2d 241 (Tex.Civ.App.–Galveston 1956, writ ref'd n. r. e.); *Marmion v. Wells*, 246 S.W.2d 704 (Tex.Civ.App.–San Antonio 1952, writ ref'd).

Pursuant to Rule 483, Texas Rules of Civil Procedure, we grant the writ of error and without hearing argument in the case, reverse the judgment of the court of civil appeals dismissing the appeal and remand the cause to that court with instructions to consider and act upon the timely motion to extend the time to file the record.