# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00502-CV

**Bennie Green, Appellant**

**v.**

**Clifton Marek and Catherine Marek, Appellees**

### FROM THE DISTRICT COURT OF LEE COUNTY, 21ST JUDICIAL DISTRICT
### NO. 11,760, HONORABLE H. R. TOWSLEE, JUDGE PRESIDING

Appellant Bennie Green appeals from the trial court=s judgment approving and confirming a commissioners= report partitioning property owned jointly by Green, Clifton and Catherine Marek, appellees, and certain unknown heirs not parties to this appeal. In a single issue, Green asserts that he was not provided a copy of the commissioners= report or notice of the hearing at which the report was approved and confirmed. As a result, he did not have the opportunity to file his objections to the report. Accordingly, he contends the trial court erred in refusing to grant his motion for new trial as a result of these procedural errors. We will reverse and remand.

## BACKGROUND

On March 15, 2001, the trial court appointed three Acompetent and disinterested persons as commissioners@ to partition the jointly owned property. *See* Tex. R. Civ. P. 761. The commissioners filed their report with the trial court on May 11, 2001. On May 15, a hearing was held and the trial court rendered judgment approving and confirming the partition of the property. Green did not receive notice of the hearing, as all parties concede, and he did not appear at the hearing. Accordingly, the judgment rendered against him was in the nature of a default judgment. Green then filed a motion for new trial, which was overruled by operation of law. He now appeals to this Court.

## DISCUSSION

In a single issue on appeal, Green asserts that he was not provided a copy of the commissioners= report, an opportunity to file objections to the report, or notice of the hearing at which the report was approved and confirmed. Accordingly, he contends the trial court erred in refusing to grant his motion for new trial as a result of these procedural errors. In reviewing the record, we conclude that procedural errors have occurred in the present case. Although the commissioners complied with rule 769 of the Texas Rules of Civil Procedure by filing their report with the trial court, *see* Tex. R. Civ. P. 769, it appears the clerk of the court did not comply with the requirements of that rule. Rule 769 requires the clerk to Aimmediately mail written notice of the filing of the report to all parties.@ *Id*. There is no indication in the record that the clerk provided Green with notice that the commissioners= report had been filed.[1]

---

[1] The Mareks contend in their brief to this Court that Green was mailed a proposed AFinal Order@ of the partition proceeding on May 10, 2001, by certified mail, return receipt requested; however, the return receipt was not signed until May 16Bone day *after* the hearing. According to the Mareks, this AFinal Order@was also mailed via UPS on May 10; however, the UPS letter was returned undelivered. Although

this would not constitute sufficient notice of the filing of the *report* under the rule, we also note that there is no documentation in the record to confirm notice of the hearing, and the Mareks have provided no documentation in their brief to substantiate that notice was provided.

Furthermore, rule 771 of the Texas Rules of Civil Procedure permits either party to the partition action to file objections to the commissioners= report within thirty days of the date the report is filed. Tex. R. Civ. P. 771. In the case before us, the hearing was held on May 15Cfour days after the date the report was filed. Clearly, this was a violation of the rules of civil procedure.

Rule 771 contemplates a Atrial on the issues@ when a party to a partition action has objections to the commissioners= report. *Id.* Green did not receive notice that the report was filed. He was not provided the thirty-day period to file his objections. And he was not given notice of the hearing at which the report was approved and confirmed. A partition action, unlike other proceedings, has two final judgments: the first determines each owner=s share and appoints commissioners and the second approves the commissioners= report. *Thomas v. McNair*, 882 S.W.2d 870, 876 (Tex. App.CCorpus Christi 1994, no writ); *see also Griffin v. Wolfe*, 610 S.W.2d 466 (Tex. 1980). Because the hearing approving the report is in the nature of a trial, we find this failure to provide notice of the hearing significant. For well over a century, the supreme court has required that strict compliance with the rules for service of citation affirmatively appear in the record in order for a default judgment to withstand direct attack. *Primate Constr., Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994); *Union Pacific Corp. v. Legg*, 49 S.W.3d 72, 77 (Tex. App.CAustin 2000, no pet.). The failure to provide Green notice of the filing of the commissioners= report, the failure to provide Green thirty days to file objections to the report, and the failure to provide Green notice of the hearing at which the report was approved and confirmed constitute a violation of his procedural due process rights. Accordingly, we reverse the judgment below and remand the cause to the trial court for further proceedings.

_____

Justice Mack Kidd

Before Justices Kidd, Patterson and Puryear

Reversed and Remanded

Filed:   April 25, 2002

Do Not Publish