TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-01-00502-CV






Bennie Green, Appellant


v.


Clifton Marek and Catherine Marek, Appellees






FROM THE DISTRICT COURT OF LEE COUNTY, 21ST JUDICIAL DISTRICT

NO. 11,760, HONORABLE H. R. TOWSLEE, JUDGE PRESIDING






 Appellant Bennie Green appeals from the trial court's judgment approving and
confirming a commissioners' report partitioning property owned jointly by Green, Clifton and
Catherine Marek, appellees, and certain unknown heirs not parties to this appeal. In a single issue,
Green asserts that he was not provided a copy of the commissioners' report or notice of the hearing
at which the report was approved and confirmed. As a result, he did not have the opportunity to file
his objections to the report. Accordingly, he contends the trial court erred in refusing to grant his
motion for new trial as a result of these procedural errors. We will reverse and remand.


BACKGROUND


 On March 15, 2001, the trial court appointed three "competent and disinterested
persons as commissioners" to partition the jointly owned property. See Tex. R. Civ. P. 761. The
commissioners filed their report with the trial court on May 11, 2001. On May 15, a hearing was
held and the trial court rendered judgment approving and confirming the partition of the property. 
Green did not receive notice of the hearing, as all parties concede, and he did not appear at the
hearing. Accordingly, the judgment rendered against him was in the nature of a default judgment. 
Green then filed a motion for new trial, which was overruled by operation of law. He now appeals
to this Court.


DISCUSSION


 In a single issue on appeal, Green asserts that he was not provided a copy of the
commissioners' report, an opportunity to file objections to the report, or notice of the hearing at
which the report was approved and confirmed. Accordingly, he contends the trial court erred in
refusing to grant his motion for new trial as a result of these procedural errors. In reviewing the
record, we conclude that procedural errors have occurred in the present case. Although the
commissioners complied with rule 769 of the Texas Rules of Civil Procedure by filing their report
with the trial court, see Tex. R. Civ. P. 769, it appears the clerk of the court did not comply with the
requirements of that rule. Rule 769 requires the clerk to "immediately mail written notice of the
filing of the report to all parties." Id. There is no indication in the record that the clerk provided
Green with notice that the commissioners' report had been filed. (1) 

 Furthermore, rule 771 of the Texas Rules of Civil Procedure permits either party to
the partition action to file objections to the commissioners' report within thirty days of the date the
report is filed. Tex. R. Civ. P. 771. In the case before us, the hearing was held on May 15--four
days after the date the report was filed. Clearly, this was a violation of the rules of civil procedure.

 Rule 771 contemplates a "trial on the issues" when a party to a partition action has
objections to the commissioners' report. Id. Green did not receive notice that the report was filed. 
He was not provided the thirty-day period to file his objections. And he was not given notice of the
hearing at which the report was approved and confirmed. A partition action, unlike other
proceedings, has two final judgments: the first determines each owner's share and appoints
commissioners and the second approves the commissioners' report. Thomas v. McNair, 882 S.W.2d
870, 876 (Tex. App.--Corpus Christi 1994, no writ); see also Griffin v. Wolfe, 610 S.W.2d 466 (Tex.
1980). Because the hearing approving the report is in the nature of a trial, we find this failure to
provide notice of the hearing significant. For well over a century, the supreme court has required
that strict compliance with the rules for service of citation affirmatively appear in the record in order
for a default judgment to withstand direct attack. Primate Constr., Inc. v. Silver, 884 S.W.2d 151,
152 (Tex. 1994); Union Pacific Corp. v. Legg, 49 S.W.3d 72, 77 (Tex. App.--Austin 2000, no pet.). 
 The failure to provide Green notice of the filing of the commissioners' report, the
failure to provide Green thirty days to file objections to the report, and the failure to provide Green
notice of the hearing at which the report was approved and confirmed constitute a violation of his
procedural due process rights. Accordingly, we reverse the judgment below and remand the cause
to the trial court for further proceedings.



___________________________________________

Justice Mack Kidd

Before Justices Kidd, Patterson and Puryear

Reversed and Remanded

Filed: April 25, 2002

Do Not Publish
1. The Mareks contend in their brief to this Court that Green was mailed a proposed "Final
Order" of the partition proceeding on May 10, 2001, by certified mail, return receipt requested;
however, the return receipt was not signed until May 16-one day after the hearing. According to the
Mareks, this "Final Order" was also mailed via UPS on May 10; however, the UPS letter was
returned undelivered. Although this would not constitute sufficient notice of the filing of the report
under the rule, we also note that there is no documentation in the record to confirm notice of the
hearing, and the Mareks have provided no documentation in their brief to substantiate that notice was
provided.