NO. 12-01-00283-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




ROBERT S. LITTLE, ex necessitate

CARMEN THOMPSON,
§
 APPEAL FROM THE 173RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


JAMES W. THOMPSON, KAY WARE,

M.E. GOODMAN, III, PEYTON L. §
 HENDERSON COUNTY, TEXAS

GOODMAN ADAMS, AND DAVID MONK,

APPELLEES






PER CURIAM


 

 Appellees, Kay Ware, M.E. Goodman, III, Peyton L. Goodman Adams, and David Monk
(collectively "Appellees"), have filed a motion to dismiss this appeal. Because we conclude that
Appellees' motion is meritorious, we grant the motion and dismiss the appeal.


Background 


 On February 4, 1999, Appellees filed suit against James W. Thompson ("Thompson") for
partition of certain real estate in Henderson County. At the time of the filing of the lawsuit, Appellee
Kay Ware sued Thompson in her individual capacity and as attorney in fact for Carmen Thompson. 
As will be discussed in more detail below, Carmen Thompson died after the trial court entered its
judgment. Following a hearing on February 24, 2000, the trial court signed two orders on November
9, 2000, an Agreed Order Determining Fractional Interests of Parties (the "Fractional Interests
Order") and an Order Determining Susceptibility of Partition and Appointing Receiver (the
"November 9 order"). In the November 9 order, the trial court found that the surface estate of the
subject property is not subject to partition in kind. The court also appointed a receiver and ordered
the receiver to sell the property for cash to the highest bidder. Thompson filed a timely motion for
new trial in which he stated that "the first appealable judgment was entered in this cause by order
signed and dated on November 9, 2000. . . ."

 On February 9, 2001, Thompson filed a notice of appeal from "the final judgment signed on
November 9, 2000." This appeal was designated 12-01-00044-CV. On February 15, 2001, the trial
court signed an Amended Order Determining Susceptibility of Partition and Appointing Receiver
(the "February 15 order"). This order was identical to the November 9 order in all relevant respects
except that the February 15 order required the receiver to file a receiver's bond in the amount of
$5,000.00 and it provided that the actions of the receiver were "subject to the control of this court." (1) 
 On April 2, 2001, Thompson's attorney, James M. Murphy ("Murphy"), filed a Motion to
Withdraw as Attorney for Appellant, which this court granted on April 16, 2001. On May 21, 2001,
Murphy filed a Motion to Substitute Parties and/or Motion to Intervene as Party on Appeal on behalf
of Robert Steven Little ("Little"). In this motion, Little contended that prior to Carmen Thompson's
death, she conveyed all of her interest in the subject property to him. Little further asserted that his
interest was aligned with that of Thompson and requested that he be permitted to intervene as an
Appellant in cause number 12-01-00044-CV. This court overruled Little's motion on June 6, 2001. 
Because Thompson failed to file a brief within the time prescribed, this court dismissed 12-01-00044-CV for want of prosecution on July 11, 2001. 

 After a hearing on September 13, 2001, (2) the trial court signed an order the next day approving
the sale of the subject property for $110,000.00. On October 3, 2001, the trial court signed an order
confirming the sale and discharging the receiver from his duties and obligations. On October 18,
2001, Murphy filed a notice of appeal on behalf of Little from the February 15 order, the September
14 order and the October 3 order. In his brief, Little claims that the trial court erred in (1) finding
that the surface estate of the subject land is not susceptible to partition in kind, and (2) determining
that a receiver should be appointed for the purpose of selling the surface estate only of said land. 
Little also contends that the evidence is legally and factually insufficient to support the trial court's
finding that the surface estate is not susceptible to partition in kind. Appellees have now filed a
motion to dismiss this appeal.


Motion To Dismiss


 Appellees argue that because the February 15 order was a final, appealable order in the first
phase of a partition suit and because the issues Appellant brings on appeal complain of matters
determined in the February 15 order, Appellant's appeal must be dismissed. We agree. 

 "A partition case, unlike other proceedings, has two final judgments and the first one is
appealable as a final judgment." Griffin v. Wolfe, 610 S.W.2d 466, 466 (Tex. 1980). Initially, the
court must determine the share or interest of each of the joint owners or claimants, and all questions
of law or equity affecting title to such land which may arise. Tex. R. Civ. P. 760. After determining
the interests of the parties, the court must then ascertain whether all or any part of the property is
subject to partition in kind. Tex. R. Civ. P. 761. If the court determines that a fair and equitable
division of all or part of the property cannot be made, the court shall order a sale of all that is
incapable of partition. Tex. R. Civ. P. 770. The court should direct the sale to be made as under
execution or by private or public sale through a receiver and that the proceeds of the sale be returned
to the court and be partitioned among the persons entitled to the funds according to their respective
interests. Id.

 The court's preliminary decree determining the matters set forth in rules 760, 761 and 770
is a final, appealable order and is conclusive of all matters covered. Bierschwale v. Bode, 755
S.W.2d 562, 564 (Tex. App.- Antonio 1988, no writ); Rayson v. Johns, 524 S.W.2d 380, 382 (Tex.
App.- Texarkana 1975, writ ref'd n.r.e.). Thus, the court's preliminary decree must be appealed
within the time prescribed in the Texas Rules of Appellate Procedure. Tex. R. App. P. 26.1 (notice
of appeal must be filed within thirty days after final judgment is signed or ninety days if timely
motion for new trial is filed). If the first decree is not appealed, the matters determined by the decree
are res judicata and may not be reviewed in an appeal from the second decree. Ellis v. First City
Nat'l Bank, 864 S.W.2d 555, 557 (Tex. App.- Tyler 1993, no writ); Marmion v. Wells, 246 S.W.2d
704, 705 (Tex. Civ. App.- San Antonio 1952, writ ref'd). Whether the property is ordered sold or
partitioned in kind, a second order is necessary to confirm the action taken. Marmion, 246 S.W.2d
at 705. If the sale of the property is confirmed, the remedy is an appeal of the judgment confirming
the sale. See Jones v. Jones, 307 S.W.2d 155, 155-58 (Tex. Civ. App.- Waco 1957, no writ);
Marmion, 246 S.W.2d at 705. 

 Thompson and Murphy apparently believed that the November 9 order was final as they filed
a motion for new trial from "the first appealable judgment. . . signed and dated on November 9,
2000" and then a notice of appeal from the "final judgment signed on November 9, 2000. . . ." We
also note that as late as May 21, 2002, Murphy was attempting to intervene in the previous appeal
as an Appellant on behalf on Little. However, in this appeal, Little argues, through Murphy, that the
February 15 order was "purely interlocutory" and that the February 15, September 14, and October
3 orders together comprise the court's final judgment in the first phase of this partition suit. Little
contends that the February 15 order was interlocutory because it (1) required the posting of a
receiver's bond, (2) authorized the receiver to sell the property "subject to control of the court," (3)
failed to deal with Thompson's claims of contribution, fraud, and civil conspiracy against Appellees,
and (4) did not contain a "Mother Hubbard" clause. 

 Little's contention that the February 15 order was interlocutory because it failed to deal with
Thompson's claims of contribution, fraud and civil conspiracy is based on the requirement in Rule
760 that the court determine all questions of law or equity affecting title in the first decree. He does
not dispute that the February 15 order, along with the Fractional Interests Order, comprise the trial
court's determination of the remaining issues in Rules 760, 761, and 770. Initially, we note that the
November 9 order did not reference Thompson's claims of contribution, fraud, or civil conspiracy
either. Little does not explain why the failure of the February 15 order to address these claims
rendered that order interlocutory, while the November 9 order was final when it too failed to address
these claims. Further, neither the September 14 or the October 3 orders address these claims, and
yet Little contends that these orders, along with the February 15 order, is the court's final judgment
in the first phase of this partition suit. 

 Little asserts that the only issue set for hearing on February 24, 2000 was the susceptibility
of the subject property to partition, and therefore, Thompson was precluded from presenting
evidence or argument on "questions of law or equity affecting title." Assuming that the only issue
set for hearing on February 24 was the susceptibility of partition, Little points to no place in the
record where Thompson sought a hearing on such issues. We note that the pleading which contains
Thompson's claims for fraud, contribution, and civil conspiracy was filed on May 3, 1999,
approximately a year and a half before the November 9 order and almost two years prior to the
February 15 order. Further, the November 9 order was signed eight and one-half months after the
hearing on February 24, 2000, while the February 15 order was signed almost one year after the
hearing. In addition, the record does not show that Thompson or Little ever sought clarification from
the court concerning whether either the November 9 order or the February 15 order was final.

 The general rule concerning whether a judgment if final is that "[w]hen a judgment, not
intrinsically interlocutory in character, is rendered and entered in a case regularly set for conventional
trial on the merits, no order for a separate trial of issues having been entered . . . , it will be presumed
for appeal purposes that the Court intended to, and did, dispose of all parties legally before it and of
all issues made by the pleadings between such parties." North East Independent School Dist. v.
Aldridge, 400 S.W.2d 893, 896 (Tex. 1966); see Lehmann v. Har-Con Corp., 39 S.W.3d 191, 198
(Tex. 2001). Little contends that the February 24 hearing was not a "trial on the merits" because the
only issue at the hearing was the susceptibility of partition. However, because Thompson never
sought a hearing on any remaining issues, we are left with the presumption that the court intended
that the February 15 order, signed almost one year after the February 24 hearing, be its final decree
in the first phase of the partition suit. 

 Concerning Little's contention that the February 15 order was interlocutory because it did
not contain a Mother Hubbard clause, we note that the omission of such a clause does not render
interlocutory a judgment intended to be final. Continental Airlines, Inc. v. Kiefer, 920 S.W.2d 274,
277 (Tex. 1996) (Finality "must be resolved by a determination of the intention of the court as
gathered from the language of the decree and record as a whole, aided on occasion by the conduct
of the parties."); see Lehmann, 39 S.W.3d at 203. With regard to Little's assertion that the February
15 order was interlocutory because it required the posting of a receiver's bond, Little does not cite
any authority, and we have found none, concluding that such a requirement renders a partition order
interlocutory. In light of the language of the decree and the record as a whole, we conclude that such
a requirement simply effectuates the court's judgment in the first phase of the partition suit. 

 Furthermore, Little cites no authority to support his contention that the court's requirement
that the receiver's actions be subject to the control of the court renders an order interlocutory. As
noted above, when a sale of property is ordered, a second order is necessary to confirm the actions
of the receiver. See Marmion, 246 S.W.2d at 705. Such language appears similar to the language
in the order stating that sale is "subject to confirmation by this Court upon receiving a sworn report
of such sale." In addition, a trial court retains jurisdiction to enter orders concerning matters not
determined in its first decree in a partition suit. Thomas v. McNair, 882 S.W.2d 870, 876-78 (Tex.
App.- Corpus Christi 1994, no writ). Again, in light of thelanguage of the decree and the record as
a whole, we conclude that this language merely effectuates the court's order directing the sale of the
property. 


Conclusion


 Because we conclude that the February 15 order was a final judgment in the first phase of the
partition suit, Little was required to appeal that judgment within the time prescribed by the Texas
Rules of Appellate Procedure. The period for filing a notice of appeal began running on February
15, 2001, the date the trial court's signed its amended order. Tex. R. Civ. P. 329b(h) (if a judgment
is modified, the time for appeal runs from the time the modified judgment is signed). Assuming,
without deciding, that Thompson's motion for new trial extended the time in which Little could file
a notice of appeal from the February 15 order, Little's notice of appeal was due ninety days after the
order was signed, i.e. May 16, 2001. Because Little did not file his notice of appeal until October
18, 2001, the notice of appeal was ineffectual as an appeal of the first judgment. While Little's
notice of appeal was timely as an appeal from the October 3 order confirming the sale, he may not
appeal the matters determined in the February 15 order in this appeal. Ellis, 864 S.W.2d at 557. 
Accordingly, Appellees' motion is granted and the appeal is dismissed. 

Opinion delivered May 14, 2002. 

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.





(DO NOT PUBLISH)
1. In his response to Appellees' motion to dismiss, Appellant appears to contend that the February 15 Order
required that the sale of the property be "subject to confirmation by this Court upon receiving a sworn report of such
sale," while the November 9 order did not. Having reviewed both orders, we note that the November 9 Order
contains identical language.
2. Murphy appeared at the hearing on behalf of Little and Thompson, despite the fact that he had previously
been granted leave by this court to withdraw from representing Thompson.