MARY'S OPINION HEADING 









                                                NO.
12-06-00301-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS
DISTRICT

 

TYLER,
TEXAS

IN RE: MYRTIS DIGHTMAN,
SR.,            §                      

 

MYRTIS DIGHTMAN, JR.,
AND   §                      ORIGINAL
PROCEEDING

 

JOHN
B. DIGHTMAN         §                      

                                                                                                                                                           


MEMORANDUM
OPINION

            Relators Myrtis Dightman, Sr., Myrtis Dightman, Jr., and
John B. Dightman petition for a writ of mandamus directing the trial court to
set for trial their adverse possession claim to all the subject land and
proceeds from the sale of timber in the underlying partition suit.[1]  We deny the petition.

 

Background

            The underlying proceeding was a suit by C&B Logging,
Inc. to enjoin Sunny C. Smith from cutting timber on property in Houston
County.  Smith counterclaimed for damages
and sought partition of the land on which the timber grew.  Relators answered the suit.








            After a bench trial, Respondent, the Honorable James N.
Parsons, III, Judge of the 349th Judicial District Court, Houston County,
Texas, signed an order on February 20, 2003, declaring the names and respective
interests of the co-owners, finding that the timber was not susceptible to fair
and equitable partition in kind, and ordering a receiver to sell the
timber.  The order recited that the
counterclaim for damages, the costs of receivership, and attorney ad litem fees
remained before the court to be decided. 
On June 13, 2003, Respondent signed an order directing the receiver to
sell the timber to Georgia Pacific and setting the receiver’s fee.  On June 13, 2003, Respondent considered the
remaining issues.  He denied Smith’s
counterclaim for damages, set the fee for the attorney ad litem appointed to
represent the unknown heirs and other individuals, and apportioned court
costs.  In this order, Respondent
appointed commissioners to divide the surface of the subject property and a surveyor
to assist them.

            A year later, Relators filed their Third Amended Original
Answer and Cross Claim for Adverse Possession and Temporary Injunction
asserting ownership of the entire tract by adverse possession, and seeking to
enjoin the cutting of the timber by Georgia Pacific.  On May 18, 2005, we denied as moot the
Dightmans’ petition for writ of mandamus directing the trial court to hear
their application for an injunction to enjoin the cutting of the timber on the
subject property.

 

Availability of Mandamus

            Mandamus is appropriate if the trial court has abused its
discretion and the relator has no adequate remedy by appeal.  Walker v. Packer, 827 S.W.2d
833, 839 (Tex. 1992) (orig. proceeding). 
A trial court abuses its discretion when it acts without reference to
any guiding rules or principles or, stated another way, when it acts in an
arbitrary and unreasonable manner.  City
of San Benito v. Rio Grande Valley Gas Co., 109 S.W.3d 750, 757 (Tex.
2003).  An appellate remedy is adequate
when any benefits to mandamus review are outweighed by the detriments.  In re Prudential Ins. Co. of Am.,
148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding).

            Two final judgments are rendered in a partition
suit.  Griffin v. Wolfe,
610 S.W.2d 466, 466 (Tex. 1980).  Both
are appealable as final judgments.  Id.
 In the first decree, the trial
court determines the interest of each of the joint owners or claimants and all
questions affecting the title; it appoints commissioners and gives them
appropriate instructions.  Ellis v.
First City Nat’l Bank, 864 S.W.2d 555, 557 (Tex. App.–Tyler 1993, no
writ) (citing Marmion v. Wells, 246 S.W.2d 704, 705 (Tex. Civ.
App.–San Antonio 1952, writ ref’d)).  In
the second decree, the trial court approves the report of the commissioners and
sets aside to parties their separate share. 
Id.  Matters decided
in the first decree cannot be reviewed in an appeal from the second.  Id.

            A judgment that finally disposes of all remaining parties
and claims, based on the record in the case is final, regardless of its
language.  Lehmann v. Har-Con Corp.,
39 S.W.3d 191, 200 (Tex. 2001).  It is
not necessary that all parties and issues be disposed of in a single
document.  Fisher v. Yates,
953 S.W.2d 370, 375 (Tex. App.–Texarkana 1997), pet. denied per curiam,
988 S.W.2d 730 (Tex. 1998); see also Lehmann, 39 S.W.3d at
204.  Thus, where the trial court has
rendered a decree disposing of some, but not all, of the parties and issues, a
subsequent decree disposing of the remaining parties and claims is final and
appealable.  Fisher, 953 S.W.2d
at 375.

            Respondent’s order of February 20, 2003 declared the
names and respective interests of the co-owners of the tract, and ordered the
timber sold because the timber could not otherwise be fairly divided.  In the order, the court also announced its
intention to appoint commissioners to divide the surface.  In his July 11, 2003 decree, Respondent
appointed commissioners to divide the property and a surveyor to assist.  The decree denied Sunny Smith’s counterclaim
and determined all the other issues then before the court.  In our view, the order of February 20, 2003
and the decree of July 11, 2003, taken together, constitute a final judgment
from which no appeal was taken. 
Relators, who were parties to the suit at the time the order and decree
were entered, did not raise their adverse possession claim to the entire tract
for almost a year after Respondent’s determination of the owners and their
interests had become final.  Therefore,
Relators’ adverse possession claim is barred by the doctrine of res
judicata.  See State and
County Mut. Fire Ins. Co. v. Miller, 52 S.W.3d 693, 696 (Tex. 2001)
(Res judicata prevents relitigation of a finally adjudicated claim and related
matters that should have been litigated in a prior suit.).  Because Relators’ adverse possession claim is
barred by res judicata, Respondent did not abuse his discretion when he refused
to set the claim for trial.

 

Conclusion 

            Relators have failed to show that Respondent abused his
discretion in refusing to set their adverse possession claim for trial. Because
Relators have not satisfied the first prerequisite to mandamus, we need not
determine whether they have satisfied the second.  The petition for writ of mandamus is denied.

 

                                                                                                    BILL BASS 
  

                                                                                                            Justice

 

 

 

Opinion
delivered March 30, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Bass, Retired Justice, Twelfth
Court of Appeals, Tyler, sitting by assignment.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] The
real parties in interest are C&B Logging, Inc.; Sunny C. Smith; Jack N.
Barbee; Georgia Pacific Shared Services Corporation; Gary Burns; Burns
Forestry; Fay Dean Wooten; and Lynn E. Markham, Attorney Ad Litem for Eugene
Dightman, Jan Dightman Golden, David Anthony Whitmore, Linda Mae Jordan, James
Gatlin, Jr., Mrs. Deotis Dightman, and the Unknown Heirs of Deotis Dightman,
John B. Dightman, Henry Dightman, and Georgia Dightman.