In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00304-CV
_____

ELIJAH W. RATCLIFF, Appellant

V.

WESLEY RATCLIFF, ET AL., Appellees

On Appeal from the 258th District Court
Polk County, Texas
Trial Cause No. CIV22-0049

MEMORANDUM OPINION

In a suit to partition real property, Elijah W. Ratcliff filed a notice of appeal, identifying three orders that he complains of in his appeal: (1) an order appointing a receiver in the partition action; (2) an order dismissing a petition he filed in the partition action, which is misnamed and adds third-party defendants to the suit; and (3) an order denying his motion for summary judgment. He filed the notice of appeal on September 19, 2023, which as explained below was not in time to complain of the trial court's order appointing the receiver.

1

After receiving Ratcliff's notice, we questioned our jurisdiction and asked the parties to file a response that explained whether the Court possessed jurisdiction over the orders Ratcliff identified in his notice of appeal. We have now received the clerk's record, a supplemental clerk's record, and the appellant's response to our jurisdictional inquiry. After reviewing the appellate record and the response, we conclude that we don't have jurisdiction over Ratcliff's appeal, for the reasons explained below.

The appellate record shows that on July 7, 2023, the trial court signed a Phase One Partition Order. In the Phase One Order, the trial court found the tract at issue in the suit was capable of being portioned and appointed commissioners and a receiver to complete the partition of the property.

On September 12, 2023, the trial court, by written order, denied Ratcliff's motion for a summary judgment. In the motion, Ratcliff argued that he was entitled to a judgment as a matter of law on his claims for damages and injunctive relief, which he filed against several third parties. Ratcliff's motion for summary judgment misidentifies the third-party defendants as "Cross-Defendants."

On October 17, 2023, the trial court, by written order, dismissed Ratcliff's third-party petition, a petition that while misnamed, Ratcliff styled as his "First

Amended Original Petition."[1] The order of dismissal dismissed the claims Ratcliff filed in his third-party petition with prejudice. In the order of dismissal, the trial court found that Ratcliff, based on an order previously rendered in another court, is a vexatious litigant who, before filing his third-party petition had failed to obtain the permission required of vexatious litigants to file a petition without first obtaining the permission of the local administrative judge, which for the petition at issue is the local administrative judge of the 2nd Judicial District.

A partition case consists of two decrees. The first decree—sometimes referred to as the *interlocutory decree*—is appealable as a final judgment. *Griffin v. Wolfe*, 610 S.W.2d 466, 466 (Tex. 1981); *Marmion v. Wells*, 246 S.W.2d 704, 705 (Tex. Civ. App.—San Antonio 1952, writ ref'd). "The first decree determines the share or interest of each of the joint owners or claimants; all questions of law or equity affecting the title; appoints commissioners and gives them such directions as may be necessary and appropriate." *Marmion*, 246 S.W.2d at 705 (citing Tex. R. Civ. P. 760 and 761).

The record shows the trial court signed the Phase One Partition Order on July 7, but Ratcliff did not file an appeal from the Phase One Partition Order until

---

[1]The supplemental clerk's record shows Elijah Ratcliff is not the plaintiff who filed the suit. Rather, the plaintiffs in the partition suit are Wesley and John Ratcliff, and from the documents Ratcliff included in the record, it appears that in Ratcliff's petition he added third-party defendants to the suit.

September 19. When a party fails to timely file an appeal from a phase-one-partition order and allows it to become final, the phase-one order disposes of the issues in that discrete phase of the proceeding, and the "issues determined by the [phase-one] order cannot be attacked collaterally after entry of a later order or judgment." *Seals v. Seals*, No. 03-22-00310-CV, 2023 Tex. App. LEXIS 7573, at *8 (Tex. App.—Austin Oct. 4, 2023, no pet. h.). We conclude that Ratcliff failed to timely perfect his appeal from the trial court's Phase One Order. *See* Tex. R. App. P. 26.1 (prescribing time limits for filing a notice of appeal).

Next, we address whether we may exercise jurisdiction over Ratcliff's appeal from the second and third orders identified in his notice of appeal. Generally, our appellate jurisdiction extends only to final judgments and interlocutory orders for which an appeal is authorized by statute. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (authorizing appeals from seventeen types of interlocutory orders). While Ratcliff responded to the Court's jurisdictional inquiry, he doesn't claim the trial court handling the partition action has signed a final decree.[2] On this record, we conclude the second and third orders identified in Ratcliff's notice of appeal are interlocutory.

---

[2] In a partition case, the final decree is the decree "approving the report of the commissioners and allocating to the respective parties their separate shares or tracts." *Marmion*, 246 S.W.2d at 705.

Because we lack jurisdiction to consider Ratcliff's arguments as they relate to the three orders he identified in his notice of appeal, we dismiss the appeal for lack of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

APPEAL DISMISSED.

PER CURIAM

Submitted on January 24, 2024
Opinion Delivered January 25, 2024

Before Golemon, C.J., Horton and Johnson, JJ.