**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-25-00522-CV**
_____

**IN RE ALVIS RAY COKER JR.**

**Original Proceeding**
**411th District Court of Polk County, Texas**
**Trial Cause No. CIV25-0370**

**MEMORANDUM OPINION**

Alvis Ray Coker Jr. petitioned for a writ of mandamus seeking to compel the trial court (1) to stay enforcement of a default judgment dated September 24, 2025, (2) vacate orders in Trial Cause Number CIV25-0370, (3) transfer the case to the 411th District Court, (4) enjoin the Real Party in Interest, Regina Prince, and her attorney from entering, attempting to sell or encumber, or remove personal property from the real property at issue in Trial Cause Number CIV25-0370. For the reasons explained below, we deny the petition.

1

We may issue a writ of mandamus to remedy a clear abuse of discretion by the trial court when the relator lacks an adequate remedy by appeal. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding). We determine the adequacy of an appellate remedy by balancing the benefits of mandamus review against the detriments, considering whether extending mandamus relief will preserve important substantive and procedural rights from impairment or loss. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). "The operative word, 'adequate[,]' has no comprehensive definition; it is simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts." *In re Prudential*, 148 S.W.3d at 136.

The trial court case appears to be a suit between heirs pertaining to a partition of property. *See* Tex. Prop. Code Ann. § 23A.002(5). "A partition case, unlike other proceedings, has two final judgments and the first one is appealable as a final judgment." *Griffin v. Wolfe*, 610 S.W.2d 466, 466 (Tex. 1980). A two-stage process governs suits for partition of real property. *See* Tex. R. Civ. P. 756-771; *Bowman v. Stephens*, 569 S.W.3d 210, 221 (Tex. App.—Houston [1st Dist.] 2018, no pet.). In the first partition order, the trial court determines the share or interest of each owner in the property, all questions of law or equity that may affect title, and whether the

2

property in dispute is subject to partition or sale. *See* Tex. R. Civ. P. 760, 761, 770; *Bowman*, 569 S.W.3d at 221. Matters that were or that should have been decided in the first stage cannot be challenged in an appeal from the second judgment that issues at the completion of the second stage. *Bowman*, 569 S.W.3d at 222. The process applies to suits under Chapters 23 and 23A of the Property Code. *Id.* (Chapter 23); *Rogers v. Coslett*, 646 S.W.3d 1 (deciding merits of appeal from an order of partition by sale pursuant to section 23A.010).

The trial court's Order of September 24, 2025 is an appealable order from the first stage of the partition proceeding. Coker may challenge the trial court's order and the interlocutory rulings and orders that preceded the order by timely filing a notice of appeal in the trial court and a motion for extension of time in the appellate court. *See* Tex. R. App. P. 26.1(a) (if a party timely files a motion for new trial, notice of appeal is due ninety days after trial court signed the judgment); 26.3 (the appellate court may grant an extension of time to file notice of appeal if the appellant files the notice of appeal within fifteen days of the due date). Since Coker has not shown that he lacks an adequate remedy by appeal, we deny the petition for a writ of mandamus and request for temporary relief. *See* Tex. R. App. P. 52.8(a), 52.10.

PETITION DENIED.

PER CURIAM

Submitted on January 2, 2026
Opinion Delivered January 5, 2026

Before Johnson, Wright and Chambers, JJ.

3