Ernest A. EMERSON, Texas State Fire Marshal, et al., Appellants,

v.

FIRES OUT, INC., Appellee.

No. 3–86–081–CV.

Court of Appeals of Texas, Austin.

June 10, 1987.

Rehearing Denied Sept. 9, 1987.

Jim Mattox, Atty. Gen., Daniel Zemann, Jr., Asst. Atty. Gen., Austin, for appellants.

Joanne Summerhays, Barry Bishop, Clark, Thomas, Winters & Newton, Austin, for appellee.

Before SHANNON, C.J., and BRADY and ABOUSSIE, JJ.

SHANNON, Chief Justice.

This is an appeal from an order of the district court of Travis County granting a temporary injunction.

Appellee, Fires Out, Inc., is a corporation engaged in the manufacture and sale of small fire extinguishers designed for private use. Appellee sells its products in Texas and in other states. Appellants, the State Fire Marshal and his employees, took the position that appellee could not lawfully sell its products in Texas and actively interfered with appellee's efforts to make such sales.

Appellee filed a declaratory judgment suit in the district court of Travis County and, ancillary to its declaratory judgment suit, sought a temporary injunction. After hearing, the district court temporarily enjoined appellants from (a) "taking any action whatsoever to interfere with the marketing, sale or delivery of Fires Out, Inc. fire extinguishers"; and from (b) "contacting any person for the purpose of stating or representing that fire extinguishers manufactured or sold by Fires Out, Inc. may not legally be sold in Texas." This Court will affirm the district court's temporary injunctive order.

Appellants attack the district court's order by two points of error. By their first point, appellants assert that the injunctive order must be dissolved because the reasons for its issuance are not sufficiently set out as required by Tex.R.Civ.P. Ann. 683 (Supp.1987). Rule 683 provides that every order granting an injunction "shall set forth the reasons for its issuance."

The only reason set forth in the district court's order is as follows:

The Court considered the verified pleadings, the evidence, and arguments of counsel, and finds and concludes that the plaintiff has shown and demonstrated its right to a temporary injunction under the law, and the Court further concludes that plaintiff's sale of, its fire extinguisher product within the State of Texas is exempted from regulation by the State Fire Marshal under Section 6(d) of Article 5.43–1.

We need not determine, however, whether the order is in violation of Rule 683 because appellants failed to preserve the claimed error for appellate review. Although appellants filed a "Motion for Reconsideration," they did not point out to the district court any claimed deficiency in the form of the order.

Texas R.App.P.Ann. 52(a) (Supp.1987) provides generally that

[i]n order to preserve a complaint for appellate review, a party must have presented to the trial court *a timely request,* objection or motion, stating the *specific grounds* for the ruling he desired the court to make.... (Emphasis supplied).

Rule 52(a) derives from Tex.R.Civ.P.Ann. 373 (1985). To preserve error, Rule 373 required a party to make known to the court the desired action and the party's grounds therefor at the time the ruling or order was made or sought. Rule 373 was applied to errors committed by the trial court in the entry of judgments. *Travis Heights Improvement Ass'n v. Small,* 662 S.W.2d 406, 414 (Tex.App.1983, no writ). In *Travis Heights,* the appellant complained that the trial court had failed to include a particular finding in the judgment. This Court stated in response:

We think that appellant's second point of error goes only to the form of the judgment. As such, it was waived by appellant's failure to make a motion to reform the judgment, or to in some other way

make the complaint known to the trial court.

*See also Plasky v. Gulf Insurance Co.,* 160 Tex. 612, 335 S.W.2d 581, 584 (1960) (appellant waived error concerning time period, stated in judgment, during which interest on judgment could be collected, when he failed to object or except to judgment—R. 373); *Whatley v. Whatley,* 493 S.W.2d 299, 304 (Tex.Civ.App.1973, no writ) (defendant who failed to object to judgment awarding child support in lump sum rather than to individual children waived error). In *Delhi Gas Pipeline Corp. v. Lamb,* 724 S.W.2d 97 (Tex.App.1987, writ pending), the El Paso Court of Appeals expressly held that Rule 52(a) carried forward the provisions of Rule 373, and that the rationale of *Plasky* and other opinions decided under Rule 373 applied under Rule 52(a).

Principles of sound judicial administration support application of the waiver rule in this appeal. As in the above opinions, there was no claimed error present until the judgment was prepared and presented to the district court. At that time, appellants could have moved to modify or change the terms of the judgment. It serves no good purpose to permit appellants to lie in wait and present this error in form for the first time on appeal. On proper request, the district court could easily have added to the judgment a description of the specific harm avoided by granting the temporary injunction. Appellants would then have obtained proper notice of the district court's reasoning and appellate review would have been facilitated.

Although appellants did request the district court to reconsider the order, appellants did not raise the facial inadequacy of the order. Accordingly, appellants' motion did not preserve the error. *See, e.g., State v. Williams,* 357 S.W.2d 799, 800–01 (Tex. Civ.App.1962, writ ref'd n.r.e.); *see also* Tex.R.App.P. 52(a) (objection must state "specific grounds").

■ By their second point of error, appellants complain that the district court abused its discretion in granting the injunctive order because appellee did not demonstrate a probable right to recovery. In a hearing on an application for a temporary injunction, the only question before the trial court is the appellant's right to the preservation of the *status quo* of the subject matter of the suit, pending a final trial on the merits. To warrant the issuance of a temporary injunction, the applicant need only show a probable right and a probable injury; he is not required to establish that he will finally prevail in the litigation. The trial court is clothed with broad discretion in determining whether the pleadings and evidence present a case of probable right and probable injury. The trial court's order in issuing or denying the writ of injunction will be reversed only on a showing of a clear abuse of discretion. There is no abuse of discretion in the issuance of a writ of injunction if the petition alleges a cause of action and the evidence tends to sustain it. *Transport Co. of Texas v. Robertson Transports,* 152 Tex. 551, 261 S.W.2d 549 (1953). Further, there is no abuse of discretion where the trial court predicates its order upon conflicting evidence. *Davis v. Huey,* 571 S.W.2d 859, 862 (Tex.1978). Even questions of law "can only be determined from a review of the entire record after a full and final hearing." *Transport Co. of Texas v. Robertson Transports, supra.*

The district court concluded that appellee's sale of its fire extinguishers within Texas was exempted from regulation by Tex.Ins.Code art. 5.43–1 § 6(d) (1981). That provision provides as follows:

> The provisions of this article do not apply to the following:
>
> \*   \*   \*   \*   \*   \*
>
> firms engaged in the *retailing or wholesaling* of portable fire extinguishers *as defined in Section 3,* but not engaged in the installation or recharging of them.... (Emphasis supplied).

Appellants argue that the district court erred in applying this exemption to appellee because there was insufficient proof that appellee was "retailing or wholesaling" portable fire extinguishers. Although the proof is somewhat lacking in clarity, appellants concede that Lawrence C. Lasalle, a salesman of Fires Out fire extinguishers,

testified that appellee "lost sales" due to the Fire Marshal's actions. Lasalle's testimony is some evidence from which the district court could conclude that appellee qualified for the statutory exemption.

Appellants contend, alternatively, that the district court abused its discretion by refusing to ignore the § 6(d) exemption entirely. Appellants claim that § 6(d) is an anachronism, an exemption that the legislature should have omitted when art. 5.43–1 was amended to regulate the sale of fire extinguishers as well as their installation and servicing. According to appellants, giving effect to § 6(d) defeats the legislature's intent to regulate the *sale* of portable fire extinguishers "as a measure of public safety." In support of their contention, appellants point to art. 5.43–1, § 1, which provides:

> The purpose of this article is to regulate the *leasing, renting, selling, and servicing* of portable fire extinguishers and the installing and servicing of fixed fire extinguisher systems, in the interest of safeguarding lives and property. (Emphasis supplied).

Appellee, in turn, relies upon the general rule of statutory construction that every word of the statute is presumed to have purpose and each sentence, clause, phrase and word should be given effect if reasonably possible. *Ex Parte Pruitt,* 551 S.W.2d 706, 709 (Tex.1977). Appellee reminds us that this rule is particularly appropriate in the case of a penal statute, such as art. 5.43–1 (*see* § 12), because penal statutes must be strictly construed. *First Bank of Bedford v. Miller,* 563 S.W.2d 572, 577 (Tex.1978).

Upon examination of the statute, it appears to this Court that the district court could reasonably have given effect to the exemption consistent with the statute's overall intent. Section 6(d) only exempts firms selling portable fire extinguishers "as defined in Section 3." Section 3(c) defines a "portable fire extinguisher," in part, as one that "has a label of approval attached by a nationally recognized testing laboratory...." Accordingly, the § 6(d) exemption only applies to sales of *ap-*

*proved* fire extinguishers. Sale of *unapproved* fire extinguishers thus remains subject to sanction under art. 5.43–1, § 10(9) (prohibiting sale of fire extinguishers in violation of § 5(a)), and § 5(a) (prohibiting sale of unapproved fire extinguishers). Such a construction preserves the exemption and still gives effect to the legislative intent to make portable fire extinguishers safe.

The record supports appellee's contention that its product carries the label of approval by a "nationally recognized laboratory." Ronald Wells, director of General Laboratories, the test laboratory for appellee, testified that General Laboratories is a member laboratory of the American Society of Testing Materials, a nationally recognized testing and certification board. Although Wells indicated that Kansas, the state in which General Laboratories is located, had not certified it as a nationally recognized laboratory, the conflicting evidence provided a reasonable basis for the district court's determination that General Laboratories was nationally recognized. *Huey v. Davis, supra.*

Appellants contend, the evidence aside, that the Fire Marshal's determination that General Laboratories is not nationally recognized is conclusive on this point. No one disputes that the term "nationally recognized testing laboratory" is undefined by the statute. The Fire Marshal asserts, nonetheless, that his statutory duty to "administer, enforce and carry out the applicable provisions of the code ...," Tex.Ins. Code Ann. art. § 1.09(a), requires him to set the correct standard. Perhaps the Fire Marshal's assertion is correct, especially since art. 5.43–1, § 2 gives the State Board of Insurance power to promulgate rules and regulations for the administration of the article "through the State Fire Marshal." Nevertheless, as the testimony of the Fire Marshal's manager of licensing investigation, Quay Wood, makes plain, neither the State Board of Insurance nor the Fire Marshal has made any attempt to articulate a standard by which testing laboratories may be measured. The district court was free, accordingly, to conclude under the proof that General Laboratories was

"nationally recognized," as required by §§ 3 and 5(a) of the statute.

Because a reasonable construction of the statute permits appellee to claim the benefit of exemption from its regulation, this Court concludes that the district court did not abuse its discretion in determining that appellee demonstrated a probable right to recover on the merits.

The district court's order is affirmed.