Jennifer BIERSCHWALE and Raymond Jones, Appellants,

v.

Esther Jones BODE, Appellee.

No. 04–87–00159–CV.

Court of Appeals of Texas, San Antonio.

Aug. 10, 1988.

Lavern D. Harris, Kerrville, for appellants.

Edward G. Marion, Hollon, Marion & Richards, Boerne, for appellee.

Before ESQUIVEL, BUTTS and DIAL, JJ.

## OPINION

ESQUIVEL, Justice.

This is an appeal from a judgment in a suit for partition of land.

Appellee, Esther Jones Bode, brought the action against appellants, Raymond C. Jones and Jennifer Bierschwale. Based on stipulated evidence, the district court en-tered a decree ordering partition and appointing commissioners (first decree). Appellee objected to the first report of the commissioners, who then filed an amended report. Appellee again objected, and she requested a trial. At the trial, the jury found that the commissioners divided the land so that the shares were equal in value in proportion to each party's interest.

This appeal resulted. We affirm.

Appellants contend in a single point of error that the trial court erred in failing to enter a final decree which approved the amended report of the commissioners and which allocated the separate tracts or shares to the parties.

The parties stipulated:

(1) That the land totaled 91.75 acres;

(2) That appellee Bode's undivided fee interest in the land is 60.13%;

(3) That appellee has a life estate interest in 33.33% of the land, with the remainder over to appellants Bierschwale and Jones;

(4) That Jones owns an undivided 3.27% interest in the entire tract of land and an undivided 16.67% remainder interest in the land;

(5) That Bierschwale owns an undivided 3.27% interest in the entire tract of land and an undivided 16.67% remainder interest in the land;

(6) That appellants' remainder interests are burdened with appellee's life estate interest;

(7) That the stipulated interests comprise the total ownership of the land; and

(8) That the land is susceptible of being partitioned in kind.

The court entered a first decree ordering partition and appointing commissioners. The decree recited the stipulated evidence and further stated:

The Commissioners in making their partition shall not take into account any diminution in value of the remainder interest of Raymond C. Jones and Jennifer Bierschwale by reason of their interest being burdened by the life estate, and the partition should be made as though

each remainder interest were a fee simple interest.

That the whole of the above described property is susceptible of fair and equitable partitioning between the parties so as to reflect any respective interests.

It is therefore ordered that the foregoing property be partitioned between the above named parties, such that the value of the parcels allotted each party reflect said parties interest as recited above.

In the commissioners' amended report, the 91.75 acres was allotted as follows:

| | | | | |
|---|---|---|---|---|
| Raymond C. Jones | 19.94% | Tract 1 | 33.75 acres | $ 45,737.00 |
| Jennifer Bierschwale | 19.94% | Tract 2 | 15.00 acres | $ 45,737.00 |
| Esther Jones Bode | 60.12% | Tract 3 | 43.00 acres | $137,901.00 |
| | | | | $229,375.00 |

The report further states, "The Commissioners did not take into account in determining a valuation any diminution in the values of Tracts 1 and 2 due to the burden of the life estate upon them."

In the final judgment, the court awarded appellee the 43.00 acre tract in fee, an undivided 16.67%/19.94% life estate interest in the 33.75 acre tract, and an undivided 16.67%/19.94% life estate interest in the 15.00 acre tract.

Jones was awarded an undivided 3.27%/19.94% fee interest and an undivided 16.67%/19.94% remainder interest, subject to appellee's life estate interest, in the 33.75 acre tract.

Bierschwale was awarded an undivided 3.27%/19.94% fee interest and an undivided 16.67%/19.94% remainder interest, subject to appellee's life estate interest, in the 15.00 acre tract.

Appellants argue that the court's final judgment amounted to a repartition of the land in conflict with the first decree and the commissioner's amended report. According to appellants, the first decree terminated appellee's life estate interest and ordered the land to be partitioned into three fee simple tracts.

Appellants further contend that appellee did not appeal the first decree, nor did she object to the commissioners' amended report on the ground that the commissioner failed to award her a life estate interest in any of the land. Therefore, appellants maintain that appellee is barred from claiming that the final judgment correctly awarded her a life estate interest in the 15.00 acre and 33.75 acre tracts.

A partition suit concerning real estate is controlled by TEX.R.CIV.P. 756–771. In a partition suit, there are two final judgments, since the first decree is appealable as a final judgment. *Griffin v. Wolfe*, 610 S.W.2d 466 (Tex.1980); *Rayson v. Johns*, 524 S.W.2d 380 (Tex.Civ.App.—Texarkana 1975, writ ref'd n.r.e.).

In the first decree, the court determines the shares or interests of each owner or claimant including all questions of law or equity affecting the title to the land. TEX. R.CIV.P. 760. The court's decree directs the partition to be made in accordance with the respective shares or interest of each party, and the decree appoints commissioners to make the partition in accordance with the decree and the law. TEX.R. CIV.P. 761; *Benson v. Fox*, 589 S.W.2d 823, 828 (Tex.Civ.App.—Tyler 1979, no writ).

When the first decree has not been appealed from, the matters determined therein are not reviewable in an appeal from the second or final decree, and the parties are bound by res judicata. *Taub v. Kahn*, 646 S.W.2d 570, 571–72 (Tex.App.— Houston [1st Dist.] 1982, no writ); *Padgett v. Padgett*, 309 S.W.2d 262, 264 (Tex.Civ. App.—Austin 1957, writ ref'd n.r.e.); *Marmion v. Wells*, 246 S.W.2d 704, 705 (Tex. Civ.App.—San Antonio 1952, writ ref'd).

A party may object to the commissioners' report. TEX.R.CIV.P. 771. However, a complaint about the report made on appeal which was not made by objection below results in a waiver of the alleged error.

*Grimes v. Hall,* 211 S.W.2d 956, 958 (Tex. Civ.App.—Eastland 1948, no writ).

In the instant case, appellants misinterpret the first decree. The trial court did not determine that the land would be partitioned into three fee simple estates. The court found the interests of the parties to be as stipulated, including appellee's life estate interest. The court ordered the land be partitioned to reflect each party's interest as recited in the decree. The court directed the commissioners not to take into account any diminution in value of Jones' and Bierschwale's remainder interests due to their interests being burdened by Bode's life estate. Accordingly, the court directed that the partition should be made as though each remainder interest were a fee simple interest.

We conclude that the trial court's first decree did not terminate appellee's life estate interest, nor did it convert appellants' remainder interests into fee simples.

Additionally, the commissioners' amended report did not provide that the three shares were in fee simple, as appellants argue. The report notes that the commissioners did not consider the diminution in the values of the 15.00 acre and 33.75 acre tracts due to the burden of the life estate upon them, as directed by the first decree. The commissioners recognized appellee's life estate.

We hold that the final judgment was consistent with the first decree and the amended report of the commissioners.

Appellant's point of error is overruled.

Appellee contends by counterpoint that this appeal was taken for delay and without sufficient cause. Appellee requests this Court to award an amount equal to ten times the total taxable costs as damages. *See* TEX.R.APP.P. 84. We overrule appellee's counter-point.

The judgment is affirmed.