

NUMBER 13-10-00499-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

SAND POINT RANCH, LTD.,                                                    Appellant,

v.

H. CARLOS SMITH AND WIFE, DORIS J.
SMITH, MICHAEL ALLEN SMITH, PHILLIP
ANDREW SMITH, TIMOTHY PATRICK
SMITH, W.H. BAUER JR., JEANIE LOU
BAUER KIRKLAND, BOYD BAUER, BLAN
BAUER WILLOUGHBY, SHIELDS ANTHONY
HOLLADAY JR., WILLIAM BAUER HOLLADAY,
AND MICHAEL DENNIS HOLLADAY,                                              Appellees.

On appeal from the County Court at Law No. 1
of Calhoun County, Texas.

# OPINION

Before Justices Rodriguez, Vela, and Perkes
Opinion by Justice Rodriguez

This is an appeal from a jury trial on the commissioners' report in a partition of land suit. *See* TEX. R. CIV. P. 761, 769, 771. The land sought to be partitioned is owned by the Smith family. Some of the Smith family (hereinafter, the H. Carlos Smith family)[1] wished to sell the land and sought partition against the remaining members of the family (who formed the appellant Sand Point Ranch, Ltd. entity) who wished to keep the land. The final parties to the partition were members of the Bauer family, appellees, who owned a partial interest in a road on the land in dispute.[2] On appeal, Sand Point Ranch challenges: the participation of the Bauers at the trial on the commissioners' report because the Bauers did not timely file objections to the report, *see* TEX. R. CIV. P. 771; and the submission of jury questions on the report that did not differentiate between the H. Carlos Smith family's and the Bauers' objections. Sand Point Ranch asks the Court to render judgment upholding the commissioners' report, as opposed to remanding for a new trial, on the grounds that the questions submitted to the jury were immaterial, as opposed to merely defective. We reverse and remand.

## I. Background

The H. Carlos Smith family filed suit against Sand Point Ranch and the Bauers to partition six tracts of land in Calhoun County, Texas.[3] In their petition, the H. Carlos

---

[1] The H. Carlos Smith family include appellees H. Carlos Smith and wife, Doris J. Smith, Michael Allen Smith, Phillip Andrew Smith, and Timothy Patrick Smith.

[2] The Bauer family appellees are W.H. Bauer Jr., Jeanie Lou Bauer Kirkland, Boyd Bauer, Blan Bauer Willoughby, Shields Anthony Holladay Jr., William Bauer Holladay, and Michael Dennis Holladay.

[3] The petition alleged the following interests of the parties in the six tracts:

Tract No. 1 (2950.26 acres):    H. Carlos Smith family, 41.67%; Sand Point Ranch, 58.33%.

Tract No. 2 (109.4 acres):    H. Carlos Smith family, 20.83%; Sand Point Ranch, 29.17%; Bauer family, 50%.

Smith family asked only for partition of the surface rights; the mineral and royalty interests were to be left undivided. Sand Point Ranch answered and likewise requested partition of the land. Sand Point Ranch agreed to the partition of the surface rights only and, by the allegations in its answer, appeared to agree to the percentage ownership of each tract alleged by the H. Carlos Smith family in its petition.[4]

Pursuant to rule 761, the trial court then entered a decree ordering partition and appointing commissioners. *See* TEX. R. CIV. P. 761. In the decree, the trial court found that the land was susceptible to partition and that the partition should be made in accordance with the percentage ownership alleged by the parties. The trial court appointed three commissioners to make the partition and ordered that the commissioners report in writing to the court once the partition was completed.

After a hearing at which all parties participated, the commissioners filed their report, partitioning the land between the parties as ordered by the trial court. The H. Carlos Smith family was awarded certain parcels of land with a total value of $5,264,418; Sand Point Ranch was awarded certain parcels of land with a total value of $7,318,961; and the Bauers were awarded a parcel of land worth $3,800.[5] The H. Carlos Smith family timely objected to the commissioners' report, arguing that the commissioners' valuation of certain land was materially erroneous and caused an unequal and unjust division of the

| | |
|---|---|
| Tract No. 3 (130.61 acres): | H. Carlos Smith family, 41.67%; Sand Point Ranch, 58.33%. |
| Tract No. 4 (16.5 acres): | H. Carlos Smith family, 41.67%; Sand Point Ranch, 58.33%. |
| Tract No. 5 (80 acres): | H. Carlos Smith family, 42.99%; Sand Point Ranch, 57.02%. |
| Tract No. 6 (4-acre road): | H. Carlos Smith family, 20.83%; Sand Point Ranch, 29.17%, Bauer family, 50%. |

[4] The Bauers answered by general denial. *See* TEX. R. CIV. P. 92.

[5] The exact nature of the property division is not at issue in this appeal.

property.[6] *See* TEX. R. CIV. P. 771. It is undisputed that the Bauers filed no timely objection to the commissioners' report.[7] Sand Point Ranch moved to strike or dismiss the Bauers from the case, arguing that because they filed no objection, they had waived all complaints to the commissioners' report and had no standing to further participate in the partition proceedings. The trial court denied that motion.

The propriety of the commissioners' report was then tried to a jury. Over Sand Point Ranch's objection, the Bauers were allowed to participate at trial. The Bauers were allowed to make an opening statement, to cross-examine witnesses, and to make a closing statement, all of which put before the jury the Bauers' objections to the commissioners' report.[8] Over Sand Point Ranch's objection,[9] the jury was questioned as follows: (1) "Is the report filed by the commissioners erroneous in any material respect?"; and (2) "Is the report filed by the commissioners unequal and unjust?" The

---

[6] Specifically, the H. Carlos Smith family complained that the commissioners "failed to take into consideration that once the parcels were divided up and no longer had bay frontage that the value of the acreage would decrease." They complained that three particular tracts of land awarded to them were valued at the rate given to property with bay frontage even though the three tracts, once divided from the larger parcels, no longer had bay frontage. They asserted that this erroneous valuation resulted in a $650,000 error in the division of the property in favor of Sand Point Ranch.

[7] The Bauers filed a motion for leave to file late objections, but the trial court denied the Bauers' motion. We note that whether to grant a motion for leave to file late objections is within the discretion of the trial court, and late objections are allowable should the movant show good cause. *See Woods v. Woods*, 193 S.W.3d 720, 723 (Tex. App.—Beaumont 2006, pet. denied); *see also* TEX. R. CIV. P. 5(b) ("When by these rules . . . an act is required or allowed to be done at or within a specified time, the court for cause shown *may*, at any time in its discretion . . . upon motion permit the act to be done after the expiration of the specified period where good cause is shown for the failure to act." (emphasis added)); *Harrington v. Magellan Pipeline Co., LP*, No. 10-07-00372-CV, 2009 WL 1163410, at *3 (Tex. App.—Waco Apr. 29, 2009, no pet.) (mem. op.) ("[W]hen objections are untimely filed, Rule 5(b) authorizes the trial court upon motion to permit the late filing, if the movant shows good cause for the failure to act.") (citations and internal quotations omitted).

[8] The Bauers' objections to the report concerned the land they were awarded by the commissioners and were separate and distinct from those objections raised by the H. Carlos Smith family in their rule 771 objection.

[9] Sand Point Ranch objected to the broad-form question submitted to the jury that did not differentiate between the H Carlos Smith family's and the Bauer's complaints regarding the commissioners' report.

4

jury answered "yes" to both questions. The trial court entered judgment on the jury's verdict, finding that the report must be rejected under rule 771. *See id.* Pursuant to rule 771, the trial court then ordered the appointment of three new commissioners. *See id.* Sand Point Ranch filed a motion for new trial, which was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c). This appeal followed.

## II. The Bauers' Participation at Trial

By its first issue, Sand Point Ranch argues that the trial court erred in allowing the Bauers to participate in the jury trial on the commissioners' report.[10] In support of its

---

[10] The H. Carlos Smith family urges that Sand Point Ranch failed to preserve this issue for our review. We disagree. Before the jury trial, Sand Point Ranch filed a motion to strike the Bauers from the case, contending that they had no standing to participate at trial absent a timely rule 771 objection. The trial court denied the motion to strike. Next, immediately prior to voir dire, Sand Point Ranch again objected to the Bauers' participation at trial. In particular, the following exchange occurred:

| [Sand Point Ranch]: | . . . I just wanted to make [an objection] for purposes of the record and that at this point there are no pleadings by Mr. Bauer in this case on behalf of his family objecting to the award. |
|---|---|
| [The Court]: | Okay. |
| [Sand Point Ranch]: | And if the Court, as you said, is denying that, my motion to reconsider [the motion to strike], for purposes of the record, would object to the presence of Mr. [Bauer] and his clients – the Bauer family in participating in this lawsuit from the very – |
| | . . . . |
| [The Court]: | [Counsel for Sand Point Ranch], I said earlier that I was going to cut you off. |
| | . . . . |
| [Sand Point Ranch]: | I just – Your Honor, I'm not going to delay. So, I don't need to stand up and object every time Mr. [Bauer] participates in this lawsuit, I just wanted to make the objections from the beginning – |
| [The Court]: | Right. |

To preserve a complaint for appellate review, "the record must show . . . a complaint was made to the trial court by a timely request, objection, or motion that . . . stated the grounds for the [sought] ruling . . . with sufficient specificity to make the trial court aware of the complaint" and the trial court ruled on the objection. TEX. R. APP. P. 33.1(a). Here, Sand Point Ranch twice objected to the Bauers' participation at trial—first, in its motion to strike, and second, immediately prior to trial. The substance of Sand Point Ranch's complaint was made known to the trial court, and the trial court twice denied the objection. Moreover, the trial court confirmed that Sand Point Ranch was not required to object at every instance

5

argument, Sand Point Ranch cites rule 771 and a line of cases holding that any complaint not made by a party in its rule 771 objection is waived on appeal. *See* TEX. R. CIV. P. 771; *Snow v. Donelson*, 242 S.W.3d 570, 573 (Tex. App.—Waco 2007, no pet.); *Bierschwale v. Bode*, 755 S.W.2d 562, 564-65 (Tex. App.—San Antonio 1988, no writ); *Grimes v. Hall*, 211 S.W.2d 956, 958 (Tex. Civ. App.—Eastland 1948, no writ); *see also Carpenter v. Carpenter*, No. 04-99-00784-CV, 2000 WL 1258373, at *2 (Tex. App.—San Antonio Sept. 6, 2000, pet. denied) (mem. op.). Sand Point Ranch argues that this principle should also operate to bar those complaints not raised in a timely rule 771 objection from being tried. We agree.

Here, it is undisputed that the Bauers failed to timely file objections to the commissioners' report. The trial court denied their motion for leave to file late objections. The Bauers were then allowed not only to participate at the trial on the commissioners' report but also to litigate their own complaints regarding the report that were never raised in an objection. Rule 771 provides that "[e]ither party to the [partition] suit may file objections to any report of the commissioners . . . within thirty days of the date the report is filed, and in such a case a trial of *the issues thereon* shall be had as in other cases." TEX. R. CIV. P. 771 (emphasis added). By allowing the Bauers to present issues to the jury that were never raised in a timely objection, the trial court violated rule 771, which plainly provides for a trial only on those issues raised by objection. *See id.*; *see also Redden v. Hickey*, 308 S.W.2d 225, 229 (Tex. Civ. App.—Waco 1958, writ ref'd n.r.e.) ("This court is of the view that the effect of [rule 771] is to give any party at interest in a

during trial that the Bauers' participated. In short, Sand Point Ranch clearly preserved this issue for our review. We are not persuaded by the H. Carlos Smith family's assertions to the contrary.

partition suit, who is dissatisfied with the report of the commissioners appointed to divide the property, the right to file such objections and to demand a jury trial *on the objections made.*" (Emphasis added)).

The H. Carlos Smith family contends that the Bauers were mandatory participants at the trial on the commissioner's report because of the well-established law that all owners must be made parties to a partition suit. *See Ward v. Hinkle*, 8 S.W.2d 641, 645 (Tex. 1928). We first note that the Bauers were made parties to the partition suit when they were named in the original petition. *See* TEX. R. CIV. P. 79. They submitted to the trial court's jurisdiction when they answered by general denial and then fully participated in the proceedings before the commissioners. We disagree with the H. Carlos Smith family's apparent position that disallowing the Bauers' participation at the trial on their issues related to the commissioners' report would have somehow stripped them of their party status.

The H. Carlos Smith family urges the Court to conclude that the Bauers were allowed to participate without limit. But were we to take this position, under the waiver principle in *Snow*, *Bierschwale*, *Grimes* and similar cases, the Bauers could litigate issues at trial that they did not raise in an objection but would then not have any recourse in an appeal of any unfavorable verdict on those issues. *See Snow*, 242 S.W.3d at 573 (holding that any complaint not made by a party in its rule 771 objection is waived on appeal); *Bierschwale*, 755 S.W.2d at 564-65 (same); *Grimes*, 211 S.W.2d at 958 (same). This is non-sensical. Moreover, concluding that the Bauers should be allowed to inject issues into the trial that they did not raise by timely objection would fly in the face of the

7

pleading rules, which operate to define the issues for trial and prevent trial by ambush. *See* TEX. R. CIV. P. 45; *Paramount Pipe & Supply Co., Inc. v. Muhr*, 749 S.W.2d 491, 494 (Tex. 1988) (holding that the rules of civil procedure "require that pleadings give fair notice of the claim asserted" and "to provide the opposing party with sufficient information to enable him to prepare a defense"). Here, Sand Point Ranch had no notice of the issues the Bauers intended to present to the jury.

However, we do agree with the general tenor of the H. Carlos Smith family's argument that, as owners, the Bauers could not be wholly barred from participating in the trial as no valid partition order could have been entered absent the joinder of all necessary parties. *See Ward*, 8 S.W.2d at 645; *see also* TEX. R. CIV. P. 757; *Carper v. Halamicek*, 610 S.W.2d 556, 557 (Tex. Civ. App.—Tyler 1980, writ ref'd n.r.e.) ("[T]he joinder of all owners is mandatory and no valid, binding decree of partition can be made in their absence."). And to the extent Sand Point Ranch argues that the Bauers should have been completely barred from participating, we are not persuaded.

Completely barring the Bauers from participating in a trial related to the partition of land that they partially owned would contravene the well-established principle that all owners must be made parties to partition suits. But allowing the Bauers to litigate issues at trial that they did not timely raise in a rule 771 objection would render meaningless both rule 771 and the cases holding that failure to object to an issue waives it on appeal. In sum, we conclude that the trial court erred in allowing the Bauers to participate at trial to the extent they raised issues not raised in a timely rule 771 objection. Sand Point Ranch's first issue is sustained in so far as it complains of the the trial court allowing the

8

Bauers' to try issues not raised in a rule 771 objection.   We overrule Sand Point Ranch's first issue to the extent it argues that the Bauers should have been completely barred from participating at trial.

### III.  Jury Charge

By its second issue, Sand Point Ranch argues that the trial court erred in submitting broad-form questions to the jury that did not differentiate between the H. Carlos Smith family's and the Bauers' objections to the commissioners' report. Specifically, Sand Point Ranch argues that the broad-form questions allowed the jury to render its verdict on an impermissible basis, i.e., on the Bauers' complaints regarding the commissioners' report that were not timely raised in a rule 771 objection.   Sand Point Ranch argues that this error is reversible because there is no way for this Court to determine with certainty whether the jury based its verdict on a proper or improper theory of recovery.[11]   Again, we agree.

---

[11] The H. Carlos Smith family again asserts that Sand Point Ranch failed to preserve this jury charge issue for our review.   And again, we believe the issue was clearly preserved.   Sand Point Ranch lodged the following objection to the broad-form jury questions at the charge conference:

> The second thing, your Honor, is that we have been complaining of the Bauer defendants from the very beginning.   They don't have pleadings to support their challenge to the commissioners' report; therefore, I think in order to preserve error we should have a question for each one of them:   The Smith plaintiffs and then the Bauer – quote unquote – "defendants" in order to preserve our error because if we get an answer "no" to these two and "yes" to the Bauers, and the court of appeals says, "No, they have not preserved their right to challenge the commissioners' report," then we are done here.   We don't have to come back and retry it.
>
> If we have only one question as to both parties, and then the court of appeals comes and says, no, the Bauers were not proper parties because they didn't properly preserve their challenge to the commissioners' report, we're going to have to come back and redo it; so we would ask that there be a question for each the [H. Carlos] Smiths and the Bauers.

After conversing about a different concern raised by the H. Carlos Smith family, the trial court then ruled on the jury charge, stating that it was "going to submit the jury charge that's been presented by [the H. Carlos Smith family]."

9

In *Crown Life Insurance Company v. Casteel*, the Texas Supreme Court determined that it was error for the trial court to submit four Deceptive Trade Practices Act liability theories to the jury that the evidence showed to be invalid. 22 S.W.3d 378, 388 (Tex. 2000); *see also Harris County v. Smith*, 96 S.W.3d 230, 232 (Tex. 2002) (holding that it was error in personal injury case to submit a broad-form question on damages asking jury to consider loss of earning capacity and physical impairment in addition to other elements where neither loss of earning capacity nor physical impairment was supported by the evidence). Similarly, the trial court here submitted questions that included an invalid basis for rejecting the commissioners' report. We have already concluded that it was error for the trial court to allow the Bauers to try their complaints regarding the commissioners' report to the jury. By submitting questions that did not differentiate between the H. Carlos Smith family's and the Bauers' complaints, the trial court allowed the jury to enter a verdict on the basis of the Bauers' barred complaints, which basis was improper and not supported by the law. Submitting this broad-form question was error.

Our only remaining inquiry is whether the erroneous charge was harmful. "[W]hen a trial court submits a single broad-form liability question incorporating multiple theories of liability, the error is harmful and a new trial is required when the appellate court

Objecting to the submission of a question "shall suffice . . . if the question is one relied upon by the opposing party." TEX. R. CIV. P. 278; *Borden, Inc. v. Rios*, 850 S.W.2d 821, 826 (Tex. App.—Corpus Christi 1993, writ granted w.r.m.). Here, the questions at issue were those relied upon by H. Carlos Smith and the Bauers in the presentation of their complaints to the jury. Thus, Sand Point Ranch's objection alone—even without the submission of a substantially-correct question—sufficed. *See* TEX. R. CIV. P. 278. And although Sand Point Ranch did not use the magic words "object" or "objection" and the trial court did not use the magic words "rule" or "ruling," Sand Point Ranch made the subject of its complaint known to the trial court, and the trial court implicitly ruled on the objection when it submitted the charge favored by the H. Carlos Smith family over Sand Point Ranch's objections. *See* TEX. R. APP. P. 33.1(a). This issue has been preserved for our review.

10

cannot determine whether the jury based its verdict on an improperly submitted invalid theory." *Casteel*, 22 S.W.3d at 388 (citing TEX. R. APP. P. 61.1, 44.1(a)). In other words, so long as the appellant's objection is timely and specific, a single broad-form liability question that erroneously commingles valid and invalid liability theories is harmful when it cannot be determined whether the improperly submitted theories formed the sole basis for the jury's finding. *Id.* at 389. Such is plainly the case here.

The trial court submitted two broad-form questions to the jury: first, was "the report filed by the commissioners erroneous in any material respect?", and second, was "the report filed by the commissioners unequal and unjust?" Sand Point Ranch timely and specifically objected to the questions. By not differentiating between the H. Carlos Smith family's and the Bauers' complaints, we conclude that each question submitted to the jury commingled valid and invalid bases for rejecting the commissioners' report. And because the jury was required to give a single answer to liability in each question, this Court cannot determine whether the improperly submitted theories formed the sole bases for the jury's verdict. In other words, the wording of the broad-form questions in this case allowed for a verdict based solely on the Bauers' complaints, and it is impossible for us to eliminate that possibility. Thus, both erroneous jury questions were harmful. Sand Point Ranch's second issue is sustained.

## IV. Disposition

Sand Point Ranch argues that the jury's findings were immaterial, not merely defective, and for that reason, the proper disposition for this appeal is for the Court to render judgment affirming the commissioners' report. We disagree.

A jury's finding is immaterial if the question should not have been submitted. *Salinas v. Rafati*, 948 S.W.2d 286, 288 (Tex. 1997). In the case of an immaterial jury finding, a rendered judgment is sometimes appropriate. *See Torrington Co. v. Stutzman*, 46 S.W.3d 829, 839 (Tex. 2000).

Here, it is true that the broad-form questions effectively submitted to the jury invalid bases for rejecting the commissioners' report—the Bauers' unpreserved complaints. Sand Point Ranch is correct that this aspect of the questions was not properly before the jury as the Bauers' complaints were barred by law, as discussed above. However, the broad-form questions also submitted valid bases for rejecting the commissioners' report—the H. Carlos Smith family's properly preserved objections. Arguably, the broad-form questions included both material and immaterial aspects. But for essentially the same reason we concluded that the jury questions were harmful under *Casteel*, we likewise conclude under the facts of this case that the questions are not immaterial, but merely defective. Because the wording of the questions prevents us from determining with certainty on which basis the jury entered its verdict, we also cannot determine with certainty whether the jury based its verdict on the immaterial or material aspects of the questions. Rendering judgment in this situation would be inappropriate as it is possible that the jury's verdict that the commissioners' report was erroneous, unequal, and unjust was based on the properly-submitted, material theory of recovery. Moreover, even assuming that rendition would be appropriate here, the rules allow us to remand when "the interests of justice require . . . another trial." TEX. R. APP. P. 43.3(b). Because the legal precedent governing the facts of this case is relatively sparse and this opinion will

12

clarify this particular issue in partition cases, we believe the interests of justice require remand.

## V. Conclusion

We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

NELDA V. RODRIGUEZ
Justice

Delivered and filed the 19th
day of January, 2012.

13