# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-18-00343-CV

**DHJB Development, LLC, Appellant**

**v.**

**Patricia Lux Graham and Terrell Graham, Appellees**

### FROM THE COUNTY COURT AT LAW NO. 2 OF COMAL COUNTY
### NO. 2017CVB0482, HONORABLE CHARLES A. STEPHENS, II, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant DHJB Development, LLC appeals from an order granting a temporary injunction in favor of appellees Patricia Lux Graham and Terrell Graham. *See* Tex. Civ. Prac. & Rem. Code § 51.014(a)(4). In two issues, DHJB asserts that the trial court's order is void.[1] For the reasons that follow, we will affirm the trial court's temporary-injunction order.

## BACKGROUND

The Grahams own 52 acres of ranch land in Comal County. DHJB is a developer of a 770-acre master-planned community, known as the Johnson Ranch Development, located

---

[1] In its appellate brief, DHJB also raises a third issue: whether the "inclusion of unidentified non-party 'persons or entities building homes' in the Temporary Injunction Order renders it void." After DHJB filed its appellate brief, the trial court modified the temporary-injunction order to delete the challenged language, and both parties acknowledge that this third issue is now moot. *See Texas Health & Human Servs. Comm'n v. Advocates for Patient Access, Inc.*, 399 S.W.3d 615, 623-24 (Tex. App.—Austin 2013, no pet.) (concluding that trial court retained jurisdiction to modify injunction order after it was appealed because modification gave appellant part of relief sought on appeal and did not interfere with appellate jurisdiction).

downstream from the Grahams' property. In September 2017, the Grahams filed this lawsuit seeking temporary and permanent injunctive relief and damages for alleged violation of the Texas Water Code, nuisance, and trespass. In general, the Grahams allege that DHJB's development of the Johnson Ranch property has increased stormwater runoff flowing through a creek onto their property, causing "substantial erosion and damage" and depriving the Grahams "of the use of a substantial area of their land."

The trial court held a three-day hearing on the Grahams' request for temporary injunctive relief, at which the Grahams sought to preclude DHJB from continuing to increase impervious cover on the Johnson Ranch Development. At the conclusion of the hearing, the trial court signed an order granting the requested temporary relief. In its order, the trial court found, in part, that:

> 1. [DHJB] has constructed and continues to construct significant amounts of impervious cover that has increased stormwater runoff from the Johnson Ranch Development onto nearby property owned by [the Grahams].

The trial court ordered that:

> 5. [DHJB] and Defendants' agents, servants, attorneys, employees, representatives, and any person or party acting in concert or participation with them are PROHIBITED and ENJOINED from adding impervious cover within Units 3, 4, 5, and 6 of the Johnson Ranch Development, causing such impervious cover to be added, or taking any action to increase such impervious cover until this Court conducts a full trial on the merits.

DHJB timely filed its notice of appeal. *See* Tex. R. App. P. 26.1(b).

# ANALYSIS

The purpose of a temporary injunction is to preserve the status quo of the subject matter pending a trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). To obtain a temporary injunction under common law, the applicant must plead and prove three elements: (1) a viable cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim.[2] *Id.* Probable injury includes elements of imminent harm, irreparable harm, and lack of an adequate remedy at law. *R & R Res. Corp. v. Echelon Oil & Gas, L.L.C.*, No. 03-05-00479-CV, 2006 WL 66458, at *6 (Tex. App.—Austin Jan. 10, 2006, no pet.) (mem. op.) (citing *Telephone Equip. Network, Inc. v. TA/Westchase Place, Ltd.*, 80 S.W.3d 601, 607 (Tex. App.—Houston [1st Dist.] 2002, no pet.)). An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *Butnaru*, 84 S.W.3d at 204.

In its second issue on appeal, DHJB presents a two-fold argument with respect to the element of injury. Specifically, DHJB argues that "the temporary injunction is void because it misstates the law" and because it does not "state in specific terms how the Grahams will be irreparably harmed if no injunction is issued." In its order granting injunctive relief, the trial court found:

> 4. Having sought injunctive relief, under Texas Civil Practice & Remedies Code § 65.011(5), [the Grahams] need not establish a probable, imminent, and

---

[2] The decision to grant or deny a temporary injunction lies in the discretion of the trial court, and the court's ruling is subject to reversal only for a clear abuse of that discretion. *Id*. at 629. A trial court abuses its discretion when it acts arbitrarily and unreasonably, without reference to guiding rules or principles, or when it misapplies the law to the established facts. *Samlowski v. Wooten*, 332 S.W.3d 404, 410 (Tex. 2011).

irreparable injury. Nevertheless, if the relief requested is not granted, [the Grahams] will suffer imminent harm and irreparable injury and will have no adequate remedy at law.

Regarding its argument that the order "misstates the law," DHJB contends that the trial court erroneously concluded that section 65.011 of the Texas Civil Practice and Remedies Code excuses a party seeking injunctive relief from proving that it will suffer irreparable injury if relief is not granted. Based on the language of the trial court's temporary-injunction order and on the language of section 65.011, we disagree that the temporary-injunction order misstates the law.

Section 65.011 of the Texas Civil Practice and Remedies Code sets out five separate statutory grounds for obtaining a writ of injunction. *See* Tex. Civ. Prac. & Rem. Code § 65.011(1)-(5) ("Grounds Generally"). Subsection (5), the statutory ground for injunctive relief relied on by the Grahams, states that "[a] writ of injunction may be granted if . . . irreparable injury to real or personal property is threatened, irrespective of any remedy at law." *Id*. § 65.011(5). In addition, section 65.001 provides that "the principles governing courts of equity govern injunction proceedings if not in conflict with this chapter or other law." *Id*. § 65.001.

Nothing in the language of the temporary-injunction order suggests that the trial court dispensed with the requirement that the Grahams demonstrate that they would suffer irreparable injury if relief were not granted. Instead, the order correctly points out that the Grahams are not required to establish the common-law element of "probable, imminent, and irreparable" injury because they are seeking injunctive relief under section 65.011(5), which instead requires a showing of a "threatened" "irreparable injury." *Cf. DSTJ, L.L.P. v. M & M Res., Inc.*, No. 09-06-00073-CV, 2006 WL 1360509, at *5 (Tex. App.—Beaumont May 18, 2006, no pet.) (mem. op.) (noting that

4

relief under section 65.011(5) does not "require a showing that an irreparable injury has occurred; the requirement is a showing of a threat of irreparable injury"). In any event, the trial court expressly found in its temporary-injunction order that the Grahams have sufficiently demonstrated that they will suffer "further imminent harm and irreparable injury" "if the requested relief is not granted." We conclude that this finding is consistent with the requirements for injunctive relief under subsection 65.011(5).

In the second portion of its second appellate issue, DHJB alternatively asserts that the trial court's finding that the Grahams "will suffer further imminent harm and irreparable injury" fails to satisfy the irreparable-injury requirement because it is a conclusory statement. According to DHJB, the order fails to meet the requirements of rule 683 of the Texas Rules of Civil Procedure because it does not state in specific terms how the Grahams will be irreparably harmed if no injunction is issued. Similarly, in its first appellate issue, DHJB argues that the injunction order fails to comply with rule 683 because the order does not define "impervious cover" or what would constitute "taking any action to increase impervious cover" and, as a result, does not clearly set out what acts DHJB is restrained from taking.

Rule 683 requires that "every order granting an injunction shall set forth the reasons for its issuance; shall be specific in terms" and "shall describe in reasonable detail and not by reference to the complaint or other document, the act or acts sought to be restrained." Tex. R. Civ. P. 683. "[T]he obvious purpose of [rule 683] is to adequately inform a party of what he is enjoined from doing and the reason why he is so enjoined." *El Tacaso, Inc. v. Jireh Star, Inc.*, 356 S.W.3d 740, 747 (Tex. App.—Dallas 2011, no pet.) (citing *Schulz v. Schulz*, 478 S.W.2d 239, 244-45 (Tex. App.—Dallas 1972, no writ)). While a trial court is not required to explain its reasons for believing

that the applicant has shown a probable right to final relief, it must give the reasons why injury will be suffered if temporary injunctive relief is not ordered. *Hill v. McLane Co.*, No. 03-10-00293-CV, 2011 WL 56061, at *6 (Tex. App.—Austin Jan. 5, 2011, no pet.) (mem. op.) (citing *State v. Cook United, Inc.*, 464 S.W.2d 105, 106 (Tex. 1971)). In addition, "[the] injunction must be definite, clear, and concise, leaving the person enjoined no doubt about his duties, and should not be such as would call on him for interpretations, inferences, or conclusions." *Texas Health & Human Servs. Comm'n v. Advocates for Patient Access, Inc.*, 399 S.W.3d 615, 629 (Tex. App.—Austin 2013, no pet.) (quoting *Vaughn v. Drennon*, 202 S.W.3d 308, 316 (Tex. App.—Tyler 2006, no pet.)). "The requirements of rule 683 are mandatory and must be strictly followed." *Taylor Hous. Auth. v. Shorts*, 549 S.W.3d 865, 880 (Tex. App.—Austin 2018, no pet.) (citing *InterFirst Bank San Felipe, N.A. v. Paz Constr. Co.*, 715 S.W.2d 640, 641 (Tex. 1986) (per curiam)). An order that does not adhere to rule 683 is subject to being declared void and dissolved. *Paz Constr. Co.*, 715 S.W.2d at 641.

In response, the Grahams contend in part that, as a threshold matter, DHJB has failed to preserve for appellate review any argument that the order fails to comply with the specificity requirements of rule 683. This Court has long recognized that a complaint that a temporary injunction fails to comply with rule 683's specificity requirements is considered one of form that is waived unless it is adequately preserved before the trial court. *Shorts*, 549 S.W.3d at 880; *see Texas Tech Univ. Health Scis. Ctr. v. Rao*, 105 S.W.3d 763, 768 (Tex. App.—Amarillo 2003, pet. dism'd) (noting split of authority among courts of appeals on whether complaint of failure to comply with rule 683 is waived if not raised before trial court, but ultimately agreeing with this Court's previous holding in *Emerson v. Fires Out, Inc.*, 735 S.W.2d 492, 494 (Tex. App.—Austin 1987, no writ), that

6

such complaints must be preserved). As this Court has previously explained, "it serves no good purpose to permit appellants to lie in wait and present this error in form for the first time on appeal." *Emerson*, 735 S.W.2d at 494. To adequately preserve an error for review on appeal, rule 33.1 of the Texas Rules of Appellate Procedure requires the record to show (1) that the complaint was made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling sought with sufficient specificity to make the trial court aware of the complaint; and (2) that the trial court expressly or implicitly ruled on the request, objection, or motion. *See* Tex. R. App. P. 33.1(a).

DHJB contends that it has adequately preserved error on its rule 683 complaints by raising the issue in its "Response to Plaintiffs' Post-Hearing Brief in Support of their Application for Temporary Injunction," filed shortly after the trial court signed the temporary-injunction order. In particular, DHJB points to that portion of the pleading stating, "The open-ended request for injunctive relief proffered by the Grahams calls for interpretations, inferences, and conclusions as to the affected parties and their respective duties that exceed the limits of the constitution and cannot be granted." At the conclusion of the responsive pleading, DHJB "requests that the Court deny Plaintiff's application for a temporary injunction." We conclude that this pleading fails to preserve error on DHJB's rule 683 complaints for several reasons.

First, although the argument relied on by DHJB in its responsive pleading generally asserts that the injunctive relief requested by the Grahams is vague and overbroad, we cannot conclude that the argument was sufficiently specific to make the trial court aware that, in DHJB's view, the resulting temporary injunction failed to specify how the Grahams would suffer irreparable harm as required by rule 683. Second, although "magic words" are not required, we cannot conclude that the argument was presented in the form of a "request, objection, or motion" to modify or correct

the already-issued temporary-injunction order such that the trial court would have understood that a ruling on the complaint was necessary. *Cf. Sand Point Ranch, Ltd. v. Smith*, 363 S.W.3d 268, 274 n.11 (Tex. App.—Corpus Christi 2012, no pet.) (noting that error was preserved despite fact that appellant did not use "magic words 'object' or 'objection'"); *Taylor v. State*, 939 S.W.2d 148, 155 (Tex. Crim. App. 1996) (where context was clear from record, error was preserved despite failure to state "magic words," "I object"). Finally, even if we were to construe DHJB's pleading as requesting a ruling on its complaint to the form of the trial court's temporary-injunction order, nothing in the record suggests that the trial court, in fact, ruled on the complaint, expressly or implicitly.[3] In short, based on the record before us, including the Grahams' post-hearing response, we cannot conclude that DHJB brought its complaints about the form of the temporary injunction to the trial court's attention and obtained a ruling. Thus, DHJB has failed to preserve error on these appellate issues. *See* Tex. R. App. P. 33.1(a)(1), (2)(A).

**CONCLUSION**

Having overruled DHJB's issues on appeal to the extent they are preserved, we affirm the trial court's order granting temporary injunction.

---

[3] We recognize that under rule 33.1, a party may also preserve error by showing that the trial court "refused to rule on the request, objection, or motion, and the complaining party objected to the refusal." Tex. R. App. P. 33.1(a)(2)(B). DHJB does not assert, and the record does not show, that DHJB has preserved error in this alternative manner.

_____

Scott K. Field, Justice

Before Chief Justice Rose, Justices Field and Toth

Affirmed

Filed:   November 15, 2018

9